IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-cv-363-OLG |
| | § | |
| WATTS GUERRA, LLP; et al. | § | |

**DEFENDANTS WATTS GUERRA LLP, MIKAL C. WATTS,
FRANCISCO GUERRA, IV, AND PAIGE BOLDT'S
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COME Watts Guerra LLP, Mikal C. Watts, Francisco Guerra, IV, and

Paige Boldt (collectively referred to as "Defendants"), and files this Motion for

Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (the "Motion"),

and in support thereof, would respectfully show the Court as follows:

**I. INTRODUCTION**

This action involes claims of alleged violations of The Telephone Consumer

Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"), its accompanying regulation, 47

C.F.R. 64.1200(d), and its state law equivalent, Texas Business & Commerce Code §

305.053. More specifically, Plaintiff alleges that Defendants hired Berken Media, LLC,

and that at the direction of Robert Kenyon, made illegal robocalls to Plaintiff to solicit

clients for mass tort litigation, namely claims for consumers who have been harmed by

the drug Zantac. *See* Plaintiff's Original Complaint [Dkt. 1]. Based upon the applicaple

law and uncontroverted summary judgment evidence attached hereto and incoroporated

by reference as if fully set forth herein, Defendants are entitled to summary judgment as

a matter of law on all of Plaintiff's claims.

## II. SUMMARY JUDGMENT EVIDENCE

In support of their Motion, Defendants offer the following evidence which is attached hereto and incorporated by reference as if fully set forth herein:

A. Affidavit of Mikal C. Watts;

B. Affidavit of Francisco Guerra, IV;

C. Affidavit of Paige Boldt;

D. Affidavit of Alicia D. O'Neill;

E. Affidavit of Kari Archer;

F. Affidavit of Donna Coutu;

G. Cease and Desist Letter to Berken Media, LLC dated April 21, 2022; and,

H. Response to Cease and Desist Letter dated April 29, 2022.

## III. STATEMENT OF FACTS

Defendants represent thousands of clients in claims against the manufacturers of Zantac (brand name of the generic drug ranitidine) for knowingly concealing and marketing this dangerous, cancer-causing drug. *See* Exhibits A – E.

Watts Guerra[1] engages advertising companies to market for mass torts in compliance with the applicable ethical rules. More specifically, such marketing consists only of the following mediums: (1) online (e.g. via social media and google); (2) radio, and; (3) television. The adverstising companies bill Watts Guerra for the precise advertising run and associated labor costs. Watts Guerra's mass torts director, Alicia D. O'Neill, reviews those bills personally. *See* Exhibit D at ¶ 7. To date, Defendants have never authorized, been billed for, or paid for any advertising firm, including Berken Media, LLC, to make outgoing, unsolicited telephone calls ("robocalls" or otherwise) as

---

[1] For purposes of this Motion and any corresponding Exhibits, "Watts Guerra" means Watts Guerra LLP and all of its offices and affiliates.

a part of marketing for the Zantac litigation.[2]  *See* Exhibits A – D.

Watts Guerra began advertising in the Zantac campaign during Ms. O'Neill's tenure with the firm, and she personally made all the recommendations regarding contracting advertising companies and vendors to Mikal C. Watts And Francisco Guerra, IV.  *See* Exhibit D at ¶ 6.  Ms. O'Neill also requests and makes payments to the advertising companies and vendors, tracks their progress, and reports the same to Mikal C. Watts and Francisco Guerra, IV. *See* Exhibit D at ¶ 6.

On April 6, 2022, Ms. O'Neill personally spoke with Plaintiff, at his request, before he filed this action and advised him that Watts Guerra did not participate in the conduct he was alleging; that she was exclusively the person who deals with marketing; and that Defendants had never hired or done business with Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline—much less authorize the conduct alleged in Plaintiff's Complaint.  *See* Exhibit D at ¶ 10.  Ms. O'Neill further explained to Plaintiff that Defendants were not connected to any of these alleged businesses in any manner, and that Defendants only place calls to their own clients (in order to discharge their ficuciary duty to clients) who have already signed valid contracts with Watts Guerra. *See* Exhibit D at ¶ 10.  Despite this information, Plaintiff filed the instant action. *See* Exhibit D at ¶ 11.

Prior to Plaintiff's demand and subsequent filing of this action, Defendants have never had any knowledge of the existence of—nor had any communications with— Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline.  *See* Exhibits A-F.  After Plaintiff filed this action, Defendants sent a Cease and Desist letter to Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline on April

---

[2] Nor have Defendants authorized, been billed for, or paid for such advertising related to any other mass tort with which they are involved.

21, 2022, demanding that they immediately stop distributing Watts Guerra contracts and materials to potential Zantac clients and stop calling such potential clients purporting to be on Watts Guerra's behalf. *See* Exhibit G. Counsel for Mr. Kenyon, Berken Media, and Consumer Case Helpline responded to the Cease and Desist on April 29, 2022, stating that no business relationship existed between Watts Guerra and those entities/individual, and stating that they were not distributing Watts Guerra contracts and/or materials. *See* Exhibit H.

Ms. O'Neill personally reviewed every advertising company that Watts Guerra has authorized to do advertising in Zantac, all of whom enjoy a good professional reputation in the Mass Tort industry, and none of whom have ever charged her for any work done in any affiliation or professional relationship with Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline. *See* Exhibit D at ¶ 14. Ms. O'Neill also personally searched her email (as she is often sent solicitations from Mass Tort advertisers) and found that she has never received a communication from Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline. *See* Exhibit D.

Ms. O'Neill personally searched the internet for these companies, as she would for any Mass Tort vendor she had never heard of, and learned that they have defunct websites, social media that hasn't been used in many years, and/or no online profile at all. *See* Exhibit D at ¶ 16. She also found that Berken Media has been sued before, currently for failing to produce viable leads to a personal injury firm who retained them. *See* Exhibit D at ¶ 16. Finally, Ms. O'Neill searched the internet for Plaintiff and found that he routinely files *pro se* lawsuits like the case at bar, and that journalists have written about his practice of so doing. *See* Exhibit D at ¶ 18.

Watts Guerra's Lead Coordinator, Kari Archer, also conducted a full search of Watts Guerra's proprietary software database (where every piece of information taken in

by Watts Guerra has been held for more than the last decade) and email inboxes for anything related to Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline. *See* Exhibit E at ¶ 7. Her searches revealed that none of these businesses have ever communicated with Defendants in any manner or sent in even a single client contract. *See* Exhibit E at ¶ 7-8. The individuals mentioned in the emails attached to Plaintiff's Complaint also do not appear anywhere in the Watts Guerra database, and the only communications involving them are in relation to Plaintiff's lawsuit. *See* Exhibits D and E.

Watts Guerra's Controller, Donna Coutu, also conducted a thorough search of Watts Guerra's accounting database for Berken Media, Robert Kenyon, GurusAgent.com, and Consumer Case Helpline. *See* Exhibit F at ¶ 5-7. That search revealed that none of these businesses have ever communicated with Watts Guerra in any manner, nor has Watts Guerra paid them a single dollar, ever received a single bill from them, or received a payment from them. *See* Exhibits D and F.

Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, And Paige Boldt, nor their advertising vendors, have any relationship with Berken Media, Robert Kenyon, GurusAgent.com, and/or Consumer Case Helpline. *See* Exhibits A – F. Neither Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, or Paige Boldt have ever made (or authorized to be made) a call using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiff's cellular (mobile) telephone. *See* Exhibits A – D. Neither Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, or Paige Boldt have ever initiated, made (or authorized to be made) a call using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiff's residential telephone. *See* Exhibits A – D. Further, Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, nor Paige Boldt have ever

initiated (or authorized to be initiated) calls for telemarketing purposes to residential telephone subscribers, including, Plaintiff.  *See* Exhibits A – D.

## IV.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that the court "grant summary judgment if the movant shows that there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law." A party asserting the absence of a genuine dispute of material fact bears a minimal initial burden to inform the district court of the basis for its motion and identify those portions of the record demonstrating the absence of genuine issue of material fact; the movant is not required to support its motion with affidavits or other materials negating the non-movant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Austin v. Kroger Texas L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Rather, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 323-34.

Once Defendants, as movants, meets their initial burden to allege evidentiary insufficiency on at least one of Plaintiff's necessary elements, the burden then shifts to Plaintiff to go beyond the pleadings and produce depositions or other evidentiary materials which demonstrate a genuine issue of material fact. *Austin*, 864 F.3d at 335 (citing *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999)).

The role of a court or judge in summary judgment proceedings is to make the "threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, (1986).  If this inquiry reveals that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a

judgment as a matter of law," judgment should be entered in his favor. FED. R. CIV. P. 56(c). Disagreement among the parties as to the facts will not prevent summary judgment. *Anderson*, 477 U.S. at 247-48. On the contrary, summary judgment is precluded under Rule 56(c) only when the dispute is genuine and the disputed facts might affect the outcome of the suit. *Id*. *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988). If the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to the plaintiff's case, and on which [the plaintiff] will bear the burden of proof at trial" the defendant is entitled to judgment in his favor. *Celotex Corp v. Catrett,* 477 U.S. 317, 322 (1986); *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir. 1991).

## V.    ARGUMENT & AUTHORITIES

**A.    The Summary Judgment Evidence Conclusively Demonstrates that Defendants Did Not Violate 47 U.S.C. § 227(b)(1)(A)**

Plaintiff contends that Defendants violated § 227(b)(1)(A) of the TCPA by making (or authorizing to be made) unsolicited calls to his cellular telephone using an automatic telephone dialing system or artificial/pre-recorded voice.  *See* Doc. at 9-10.   But to the contrary, as the conclusive summary judgment evidence attached hereto and refereced above shows, neither Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, or Paige Boldt have ever made (or authorized to be made) a call using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiff's cellular (mobile) telephone.  *See* Exhibits A – D.   Further, Defendants have never authorized, been billed for, or paid for any advertising firm, including Berken Media, LLC, to make outgoing, unsolicited telephone calls ("robocalls" or otherwise) as a part of marketing for the Zantac litigation. *See* Exhibits A – D.

Indeed, Defendants had never hired or done business with Berken Media, Robert

Kenyon, GurusAgent.com, and Consumer Case Helpline—much less authorize the conduct alleged in Plaintiff's Complaint. *See* Exhibit D at ¶ 10. Moreover, none of these businesses have ever communicated with Defendants in any manner or sent in even a single client contract. *See* Exhibit E at ¶ 7-8. The individuals mentioned in the emails attached to Plaintiff's Complaint also do not appear anywhere in the Watts Guerra database, and the only communications involving them are in relation to Plaintiff's lawsuit. *See* Exhibits D and E. None of these businesses have ever communicated with Watts Guerra in any manner, nor has Watts Guerra paid them a single dollar, ever received a single bill from them, or received a payment from them. *See* Exhibits D and F. Finally, and in any event, Defendants do not use automatic telephone dialing systems or artificial/pre-recorded voices to solicit potential clients (nor do they authorize others to do so), but instead only place calls to their own clients have already signed valid contracts with Watts Guerra. *See* Exhibit D at ¶ 10.

Accordingly, Plaintiff's claim for violation of § 227(b)(1)(A) fails as a matter of law because there is no genuine issue of material fact and the evidence conclusively demonstrates that Defendants did not engage in the conduct alleged. Further, no material evidence exists to support Plaintiff's claim. The Court, therefore, must grant Defendants' Motion.

**B. Plaintiff's Claim Pursuant to 47 C.F.R. § 64.1200(d) Fails Because the Summary Judgment Evidence Conclusively Demonstrates that Defendants Have Never Intiated any Calls for Telemarketing Purposes to a Residential Telephone Subcriber**

Plaintiff also asserts a claim pursuant to 47 C.F.R. § 64.1200(d) for Defendants' alleged failure to institute certain procedures for maintaining a "do not call list." *See.* Doc. 1 at 10-11. But such procedures and requirements only apply to a "person or entity [that] initiate[s] any call for telemarketing purposes to a residential telephone

8

subscriber." 47 C.F.R. § 64.1200(d). As attached hereto and discussed above, however, the summary judgment evidence conclusively demonstrates that Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, nor Paige Boldt have ever initiated (or authorized to be initiated) calls for telemarketing purposes to residential telephone subscribers, including, Plaintiff. *See* Exhibits A – D. Therefore, the underying predicate for any liablity associated with § 64.1200(d) does not exist, and Plaintiff's claim is moot. Stated differently, because Defendants have never initiated (or authorized to be initiated) calls for telemarketing purposes to residential telephone subscribers, the "do not call list" requirements do not apply to Defendants, and they cannot be held liablie for any violations related to the same. Defendants' Motion,therefore, must be granted.

**C.** **Plaintiff's Claim Pursuant Texas Business & Commerce Code §§ 305.053 and 305.302 Fails Because Plaintiff Cannot Prove an Underlying Violation of 47 U.S.C. § 227**

Finally, Plaintiff asserts an accompanying state law claim pursuant to Texas Business & Commerce Code §§ 305.053 and 305.302. *See* Doc. 1 at 11-12. Those state laws, however, require an underyling violation of the TCPA. TEX. BUS. & COM. CODE § 305.053. Here, as explained above and conclusively shown by the summary judgment evidence attached hereto, Defendants have not violated any provisions of the TCPA— 47 U.S.C. § 227. Indeed, neither Watts Guerra, Mikal C. Watts, Francisco Guerra, IV, or Paige Boldt have ever made (or authorized to be made) a call using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiff's cellular (mobile) telephone. *See* Exhibits A – D. Further, Defendants are not required to register with the Texas Secretary of State pursuant to Texas Business & Commerce Code § 305.101 because they are not a "seller" as defined by the statute—i.e. they do not make telephone solicitations to potential clients. *See* TEX. BUS. & COM. CODE §§ 305.001(5), (7); 305.101; Exhibit D at ¶ 8. For all these reasons, Plaintiff's state law claim also fails, and

Defendants' Motion must be granted.

## CONCLUSION AND PRAYER

Because Defendants have shown through their affidavit testimony and arguments herein that there is no issue of material fact, and that all of Plaintiff's claims fail as a matter of law, Defendants are entitled to summary judgment. Accordingly, Defendants pray that the Court grant their Motion and dismiss all of Plaintiff's claims with prejudice. Defendants pray for such other and further relief to which they are entitled both at law and in equity.

Respectfully submitted,

WATTS GUERRA LLP
4 Dominion Dr.
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447.0500
Facsimile: (210) 447.0501

*/s/ Alicia D. O'Neill*
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
Email: fguerra@wattsguerra.com
ALICIA O'NEILL
State Bar No. 24040801
Email: aoniell@wattsguerra.com
PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

ATTORNEYS FOR DEFENDANTS,
WATTS GUERRA LLP, MIKAL C.
WATTS, FRANCISCO GUERRA, IV.,
and PAIGE BOLDT

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that she has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Case Management/Electronic Case Files System of the Western District of Texas on the 21st day of June 2022.

*/s/ Alicia D. O'Neill*
Alicia D. O'Neill

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

Craig Cunningham                      ***Via CM/ECF and email:***
3000 Custer Road, Ste. 270-206        ***projectpalehorse@hushmail.com***
Plano, TX. 75075
*Pro Se* **Plaintiff**

*/s/ Alicia D. O'Neill*
Alicia D. O'Neill