UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | SA-22-CV-363-OLG (HJB) |
| WATTS GUERRA, LLP; MIKAL C. WATTS; FRANCISCO GUERRA, IV; PAIGE BOLDT; BERKEN MEDIA, LLC; ROBERT KENYON; and JOHN/JANE DOES 1-5; | | |
| Defendants. | | |

**ORDER**

Before the Court is the Motion to Set Aside Clerk's Entry of Default filed by Defendant Berken Media, LLC ("Berken Media"). (Docket Entry 48.) Pretrial matters in this case have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(b). (Docket Entry 25.)

On January 10, 2023, the Court entered an order requiring the Clerk of Court to enter default against Berken Media for failing to answer. (Docket Entry 37.) *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") The Clerk of Court entered default the same day. (Docket Entry 38.)

Berken Media has now moved to set aside the default entry, arguing that it was not properly served in the case; that it has hired counsel and is prepared to defend the action; that it has valid defenses that have not been considered; and that defaults are disfavored in light of the strong federal policy preference for resolving cases on their merits. (Docket Entry 48.) Neither Plaintiff nor the any of codefendants have responded in opposition to the motion.

Federal Rule of Civil Procedure 55(c) gives courts "sound discretion" to set aside an entry of default for good cause. *Cf. United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (discussing court's discretion).[1] The Fifth Circuit has directed courts to consider the following factors in evaluating good cause: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *One Parcel*, 763 F.2d at 183. Considering the circumstances of this case, the lack of any showing that the default was willful, and the lack of opposition from any other party, it appears appropriate to set aside the default and allow the case against Berken Media to proceed on the merits.

It is therefore **ORDERED** that Berken Media's Motion to Set Aside Clerk's Entry of Default (Docket Entry 48) is **GRANTED**, and the Clerk's Entry of Default dated January 10, 2023 (Docket Entry 38) is **SET ASIDE**.

**SIGNED** on May 31, 2023.

_____
Henry J. Bemporad
United States Magistrate Judge

---

[1] Unlike the entry of default judgment under Rule 55(b), the entry of default under Rule 55(a) is a clerical, non-dispositive matter that is within the undersigned's authority to direct. *See Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010) (entry of default "is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment"), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011). It follows that the setting aside of a Clerk's default entry is also within the undersigned's authority. *See, e.g., Tipton v. Rayford*, No. SA-21-CV-493-FB, 2023 WL 3551019 (W.D. Tex. May 16, 2023) (Chestney, M.J.) (setting aside default).