IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-cv-363-OLG |
| | § | |
| WATTS GUERRA, LLP; et al. | § | |

**WATTS GUERRA DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND MOTION FOR SANCTIONS**

NOW COME Defendants Watts Guerra LLP, Mikal C. Watts, Francisco Guerra, IV, and Paige Boldt (collectively referred to as the "Watts Guerra Defendants"), and file their Response to Plaintiff's Motion to Compel Discovery and Motion for Sanctions[1]. (*See* Exhibit 1, attached). In support thereof, the Watts Guerra Defendants would respectfully show as follows:

**SUMMARY OF THE ARGUMENT**

Plaintiff seeks to compel production of documents and sanction the undersigned counsel for alleged abuse of the discovery process. Plaintiff's allegations are false, and he has failed to meet his burden of demonstrating sanctionable discovery abuse by the Watts Guerra Defendants. More specifically, Plaintiff represents to the Court that the undersigned counsel has refused to communicate with him, and that he "has been aggressively seeking to move this case forward, obtain documents from the defendants, and keep the case on some sort of a reasonable timeline." Although Plaintiff's tactics and efforts have been highly aggressive towards the undersigned counsel, there has been little or no cooperation from Plaintiff in truly reviewing and moving discovery forward. For example:

---
[1] Plaintiff electronically served Defendants with his Motion to Compel on June 30, 2023.

1. Undersigned counsel, and her paralegal, have respectfully communicated at length with Plaintiff via Zoom, on countless phone calls he placed to Watts Guerra Defendant offices, and during countless phone calls places he placed to the undersigned counsel's cell phone (with no appointment). Further, undersigned counsel and her paralegal have sent a combined 44 emails to Plaintiff regarding discovery and litigation management. Plaintiff simply accuses undersigned counsel of failing to communicate when he does not wish to answer her questions or prefers to speak to her on her cellular telephone rather than to email, zoom, or call an office telephone. Undersigned Counsel has asked Plaintiff to simply text first if he wishes to only speak on her cellular phone so that they can set a time, but he refuses to so do.

2. Contrary to Plaintiff's contention that, the Watts Guerra Defendants "didn't answer a single question or provide a single document in response to the Plaintiff's discovery," the Watts Guerra Defendants, in addition to objecting to all 18 Interrogatories, Defendants provided substantive answers to 17 Interrogatories and produced 2,307 pages worth of our phone system's user guide and information sheets, on behalf of each named Watts Guerra Defendant. (*See* Exhibit 2, attached).[2] Plaintiff simply does not like the answers – even though they are wholly consistent with the Watts Defendant's attestations of lack of involvement and knowledge in this case – as well as by the Berken Defendants Discovery answers attesting to the Watts Defendants lack of involvement and knowledge in this case. That the Watts Guerra Defendants do

---

[2] Plaintiff propounded 18 interrogatories, 21 requests for production, and 8 requests for admissions to each named Watts Guerra Defendant. Defendants are attaching only the supplemental responses on behalf of Mikal C. Watts as an example of the supplemental answers and responses that were provided by all Defendants.

Defendants' Response to Plaintiff's Motion to Compel                                                                                                     Page 2

not possess any further documents responsive to Plaintiff's discovery requests does not amount to abuse of the discovery process.

For all the reasons set forth below, Plaintiff's Motion should be denied.

## ARGUMENT & AUTHORITIES

### I. Procedural History of the Watts Defendants' Compliance with Discovery

The parties appeared before the Honorable United States Magistrate Judge Henry J. Bemporad on November 8, 2022, to hear Plaintiff's Request to Issue Summons and Request to Issue Subpoenas (Dkt. 19), and Plaintiff's Motion to Defer Ruling on Defendant's Motion for Summary Judgment and Allow for Discovery per Rule 56(d) (Dkt. 20). Judge Bemporad ordered, in part:

> (1) **On or before December 9, 2022,** Defendant Watts Guerra, LLP, ("Watts Guerra") will provide to the Court, *ex parte* and *in camera,* a list of all advertising companies and vendors used by the firm in its Zantac mass tort litigation from January 1, 2021, to present, along with a declaration or affidavit indicating whether the records of these companies or vendors show any contact with Plaintiff on behalf of Watts Guerra at the physical address, email address, or telephone number indicated in the attachments to Plaintiffs complaint. *(See* Docket Entry 1, at 21-25.
>
> (2) **On or before December 9, 2022,** Plaintiff must serve initial disclosures as required by Federal Rule of Civil Procedure 26(a)(l), as well as any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 he wishes to serve pertaining to the issues presented in his motion to defer ruling. Copies of the initial disclosures and discovery requests must be submitted to the Court.
>
> (3) The Motion to Defer Ruling (DocketEntry20) is **TAKEN UNDER ADVISEMENT** pending the Court's receipt of the documents identified in paragraph (1)

(Dkt. 26, *Order* ¶1-3)

On November 30, 2022, Defendants submitted their *ex parte* documents, responsive to the Court's Order, for *in camera* review. (Dkt. 27).

Plaintiff propounded Interrogatories, Requests for Production, and Requests for Admissions to Defendants on **December 10, 2022**. (*See* Exhibit 3, attached). Additionally, Plaintiff certified that his discovery to Defendants was both emailed and sent by first class mail on December 9, 2022. However, Plaintiff's discovery was sent via certified mail and was postmarked **December 16, 2022**. (*See* Exhibit 4, attached).

Then, despite the pending case at bar, on December 12, 2022, Plaintiff submitted a State Bar of Texas Grievance Form to the Office of the Chief Disciplinary Counsel, filing a complaint against Defendant Paige Boldt for the same reasons alleged in his Complaint that counsel then had to answer. On May 25, 2023, the Summary Disposition Panel for the District Grievance committee determined that the Complaint should be dismissed. The determination cannot be appealed and, accordingly, the matter is now closed. (*See* Exhibit 5, attached).

On December 20, 2022, Judge Bemporad denied Plaintiff's Motion to Defer Ruling on Defendant's Motion for Summary Judgment and Allow for Discovery per Rule 56(d) (Dkt. 20). Judge Bemporad set forth the reasons for his denial and referenced his previous Order (Dkt. 26) concerning the discovery stating that "despite the passage of the December 9, 2022, deadline, Plaintiff provided no copies of discovery as required by the Court." Judge Bemporad further stated, "Watts Guerra need not disclose confidential information about other vendors to Plaintiff absent further order of the Court." (Dkt. 29).

On December 29, 2022, Plaintiff emailed Wendy Branham, Judicial Assistant to Honorable Henry J. Bemporad, and the undersigned counsel requesting a status conference. In his communication, Plaintiff stated that he would like to request a status conference with Judge Bemporad "regarding the most recent ruling and difficulties I have had in filing documents with the court. I am filing several motions regarding this

as well, which I'm happy to discuss." In response, Ms. Branham advised Plaintiff that he would need to file a Motion to Set a Status Conference for Judge Bemporad's consideration. (*See* Exhibit 6, attached). Plaintiff's Initial Disclosures and discovery directed to Watts Guerra Defendants were docketed on January 3, 2023. (Dkt. 30 – 36).

Despite Plaintiff's failure to comply with the Court's Order and timely propound Defendants and the Court with his discovery requests, Defendants timely served their responses and objections on January 9, 2023[3]. (*See* Exhibit 7, attached).

One day later, on January 10, 2023, this Honorable Court graciously reconsidered its previous Order (Dkt. 29) and granted Plaintiff's motion to defer ruling in part, in accordance with rulings identified therein (Dkt. 37). Additionally, the Court ruled:

> (4) Further proceedings, including any pending deadlines for Plaintiff and Defendants Watts Guerra, LLP, Mikal C. Watts, Francisco Guerra, IV, and Paige Boldt, are **STAYED** pending service of process on Defendant Kenyon **and subsequent Order of the Court**. (*emphasis added*).

(Dkt. 37, *Order* ¶4).

On February 10, 2023, Plaintiff emailed the undersigned counsel requesting a "meet and confer" regarding Defendants' "improper discovery responses in anticipation of filing a motion to compel and motion for sanctions." In response to same, counsel for Watts Guerra Defendants advised Plaintiff that her understanding was that the case [against Watts Guerra Defendants] was currently stayed. Plaintiff replied, "It's not, you are clearly misinformed." (*See* Exhibit 8, attached).

Defendants Robert Kenyon and Berken Media, LLC made their appearances and filed their Answers on February 27, 2023. The Berken/Kenyon Defendants have since exchanged Disclosures and conferred regarding their Answers, wherein they deny that

---

[3] Plaintiff propounded 18 interrogatories, 21 requests for production, and 8 requests for admissions to each named Watts Guerra Defendant. Defendants are attaching only the original responses on behalf of Mikal C. Watts as an example of the original answers and responses that were provided by all Defendants.

they were hired by or in any communication with Watts Guerra.  See Dkt. 39 at ¶ 27, and Dkt. 40 at ¶ 27, respectively.

On April 6, 2023, the parties appeared for an in-person status conference hearing before Honorable Judge Bemporad.  Following, the Court issued its Order lifting the stay previously entered and allowing Plaintiff to further respond to the pending motion for summary judgement until on or before July 5, 2023.  The court also set June 23, 2023, as the discovery deadline.

On April 14, 2023, Plaintiff sent email communication requesting a privilege log from Watts Guerra Defendants.  Watts Guerra Defendants responded to same and produced their Privilege Log on April 26, 2023.  (*See* Exhibit 9, attached).

On May 1, 2023, Plaintiff requested a "meet and confer," regarding Defendants' discovery responses.  After extended and immediate communications back and forth, a zoom call was set for May 9, 2023.  (*See* Exhibit 10, attached.) During this call, Plaintiff attempted and intended to review every single response and answer provided by the Watts Guerra Defendants to his discovery and ignored and otherwise rebuffed counsel's request that his concerns be reduced to writing.  During this Zoom, however, while undersigned counsel willingly talked through each and every response Plaintiff indicated more than once that he is withholding information which he has not yet produced to Defendants, including audio recordings.  As an officer of the Court, who respects the discovery process, the undersigned counsel has not engaged in any stall tactics or otherwise attempted to take advantage of Plaintiff's *pro se* capacity.

The parties began discussing and proposing dates for depositions.  Then, in consideration of the exchange and the types of information which might be shared by the parties, on June 5, 2023, the Watts Guerra Defendants proposed a joint Motion for Protective Order. After conferring with both Plaintiff and counsel for Defendants, by

way of a scheduled ZOOM call with all parties, the undersigned counsel filed her Motion for Protective Order which was opposed by Plaintiff and unopposed by counsel for the Kenyon and Berken Defendants on June 13, 2023.

On June 6, 2023, after conducting a complete review of Defendants' Initial Disclosures and file review, the Watts Guerra Defendants provided Plaintiff with supplemental discovery responses and produced 2,307 pages of Defendants' phone system's user guide and information sheets which were directly responsive to Plaintiff's request for production. (*See* Exhibit 2). The Watts Defendants also repeatedly referred Plaintiff to their Disclosures and previously produced documents. More specifically, the Watts Guerra Defendants provided Plaintiff with a DropBox link of Defendants' supplemental responses, including:

1. Defendants Watts Guerra LLP, Mikal C. Watts, Francisco Guerra IV, and Paige Boldt's First Supplemental Privilege Log;
2. Defendant Watts Guerra LLP's First Supplemental Answers and Objections to Plaintiff's Interrogatories;
3. Defendant Watts Guerra LLP's First Supplemental Responses to Plaintiff's Requests for Production;
4. Defendant Francisco Guerra IV's First Supplemental and Amened Answers to Plaintiff's Interrogatories;
5. Defendant Francisco Guerra IV's First Supplemental Responses and to Plaintiff's Requests for Production;
6. Defendant Mikal C. Watts' First Supplemental and Amended Answers to Plaintiff's Interrogatories;
7. Defendant Mikal C. Watts' First Supplemental Responses to Plaintiff's Requests for Production
8. Defendant Paige Boldt's First Supplemental and First Amended Interrogatories; and,
9. Defendant Paige Boldt's First Supplemental Responses to Plaintiff's Requests for Production;
10. LiveVox User Guide; and,
11. LiveVox Infosheets.

(*See* Exhibit 11, attached).

Despite same, Plaintiff stated in his Motion to Compel that, "Alicia O'neal (sic) and the Watts defendants didn't answer a single question or provide a single document

in response to the Plaintiff's discovery, and yet they claim that the case is ripe for summary judgment. This is simply bad faith misconduct in discovery." As demonstrated above, this is patently false. Clearly, this is yet another attempt to mislead the Court all because Plaintiff does not like or want to accept the Watts Guerra Defendants' answers and responses. Indeed, Plaintiff's motion is so generic and over the top that he doesn't even identify a single specific interrogatory or request for production for which he claims the Watts Defendants did not comply. Although trial courts have broad discretion to award sanctions under Rule 37, "there must be an underlying violation of the rule to justify" the imposition of such sanctions. *ReSea ProjectApS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132, 2022 WL 17724419, at *5 (W.D. Tex. Dec. 15, 2022). Here, other than conclusory allegations, Plaintiff has not identified any violation of the Rule, and the Watts Guerra Defendants have engaged in none.

While the Watts Guerra Defendants will not ask the Court to sanction Plaintiff for his tactics, they will instead simply ask the Court to consider all Defendants' Answers and Affidavits, including those which were submitted to the Court for *in camera* inspection, and respectfully re-urge the Watts Guerra Defendants' *Motion for Summary Judgment* (Dkt. 11).

**WHEREFORE, PREMISES CONSIDERED**, the Watts Guerra Defendants respectfully request that the Court deny Plaintiff's motion to compel and requests for sanctions and for any such further relief to which the Watts Guerra Defendants show themselves to be justly entitled.

Respectfully submitted,

WATTS GUERRA LLP
4 Dominion Dr.
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447.0500
Facsimile: (210) 447.0501

/s/ *Alicia D. O'Neill*
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
Email: fguerra@wattsguerra.com
ALICIA O'NEILL
State Bar No. 24040801
Email: aoneill@wattsguerra.com
PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

ATTORNEYS FOR DEFENDANTS,
WATTS GUERRA LLP, MIKAL C.
WATTS, FRANCISCO GUERRA, IV.,
and PAIGE BOLDT

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that she has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Case Management/Electronic Case Files System of the Western District of Texas on the 7th day of July 2023.

/s/ *Alicia D. O'Neill*
Alicia D. O'Neill

## CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2023, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

| | |
|---|---|
| Craig Cunningham<br>3000 Custer Road, Ste. 270-206<br>Plano, Texas 75075<br>**Pro Se Plaintiff** | *Via email:*<br>*projectpalehorse@hushmail.com* |
| David M. Krueger<br>Laura E. Kogan<br>BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH  44114 | *Via CM/ECF* |
| Natalie F. Wilson<br>LANGLEY & BANACK, INC.<br>745 E. Mulberry, Ste. 700<br>San Antonio, Texas 78212<br>**Attorney for Defendants Robert Kenyon and Berken Media, LLC** | *Via CM/ECF* |

                                                                             */s/ Alicia D. O'Neill*
                                                                             Alicia D. O'Neill