**Friday, July 7, 2023 at 13:20:04 Central Daylight Time**

| | |
|---|---|
| **Subject:** | Case 5:22-cv-00363-OLG Cunningham v. Watts Guerra, LLP et al - Discovery Responses |
| **Date:** | Monday, January 9, 2023 at 6:25:09 PM Central Standard Time |
| **From:** | Adria Martinez |
| **To:** | projectpalehorse@hushmail.com |
| **CC:** | Alicia O'Neill |
| **Attachments:** | image001.png, Disc Responses.zip |

Mr. Cunningham:

Please see attached zip file containing Defendants' responses to Plaintiff' discovery.  Please advise if you have any problems accessing the attachment, or have questions regarding this matter.

Thank you.

Adria M. Martinez
Paralegal to Alicia O'Neill
WATTS | GUERRA – Mass Tort
5726 W. Hausman Rd., Suite 119
San Antonio, Texas 78249
210-448-0530 Direct
210-447-0500 Ext. 6003
210-448-0501 Fax



The information in this e-mail (including any attachment) is confidential and intended to be for the use of the addressee(s) only. If you have received the e-mail by mistake, any disclosure, copy, distribution or use of the contents of the e-mail is prohibited, and you must delete the e-mail from your system. As e-mail can be changed electronically WATTS | GUERRA, assumes no responsibility for any alteration to this e-mail or its attachments.  WATTS | GUERRA has taken every reasonable precaution to ensure that any attachment to this e-mail has been swept for viruses. However, WATTS | GUERRA, does not accept any liability for damage sustained as a result of such attachment being virus infected and strongly recommends that you carry out your own virus check before opening any attachment.

EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CRAIG CUNNINGHAM      §
                        §
v.                          §       CIVIL ACTION NO. 5:22-cv-363-OLG
                        §
WATTS GUERRA, LLP; et al.      §

**DEFENDANT MIKAL C. WATTS' RESPONSES
TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

TO:     ***PRO SE* PLAINTIFF**
        Craig Cunningham
        3000 Custer Road, Ste. 270-206
        Plano, TX 75075

        NOW COMES Defendant Mikal C. Watts and responds to the Requests for

Admissions propounded by Plaintiff pursuant to Rule 36 of the Federal Rules of Civil

Procedure.

                                   Respectfully submitted,

                                     WATTS GUERRA LLP
                                     4 Dominion Dr.
                                     Bldg. 3, Ste. 100
                                     San Antonio, Texas 78257
                                     Telephone: (210) 447.0500
                                     Facsimile: (210) 447.0501

                                     */s/ Alicia D. O'Neill* _____
                                     MIKAL C. WATTS
                                     State Bar No. 20981820
                                     Email: mcwatts@wattsguerra.com
                                     FRANCISCO GUERRA, IV.
                                     State Bar No. 00796684
                                     Email: fguerra@wattsguerra.com
                                     ALICIA O'NEILL
                                     State Bar No. 24040801
                                     Email: aoneill@wattsguerra.com

PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

ATTORNEYS FOR DEFENDANTS,
WATTS GUERRA LLP, MIKAL C.
WATTS, FRANCISCO GUERRA, IV, and
PAIGE BOLDT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of January 2023, a true and correct copy of the above and foregoing has been sent to Plaintiff by means indicated below:

Craig Cunningham                          *Via email:*
3000 Custer Road, Ste. 270-206            *projectpalehorse@hushmail.com*
Plano, TX  75075
*Pro Se* **Plaintiff**


                                          /s/ Alicia D. O'Neill
                                          Alicia D. O'Neill

## RESPONSES TO ADMISSIONS

1.   Admit you hired Robert Kenyon

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

2.   Admit you hired Berken Media

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

3.   Admit all the allegations in the Plaintiff's complaint are true.

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated

December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

4.   Admit you solicited for clients using automated calls

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

5.   Admit you solicited for clients using pre-recorded messages

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

6.   Admit you solicited for clients using calls that violated 47 USC 227b

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

7.   Admit you solicited for clients using calls that violated 47 USC 227(c).

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

8.   Admit that you solicited for clients using calls that violated the Texas Business and Commerce Code.

**ANSWER**:

Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant answers as follows:

Deny.  See also Defendants' live pleading.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CRAIG CUNNINGHAM                  §
                                  §
v.                                §        CIVIL ACTION NO. 5:22-cv-363-OLG
                                  §
WATTS GUERRA, LLP; et al.         §
                                  §

**DEFENDANT MIKAL C. WATTS' ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:    *PRO SE* **PLAINTIFF**
       Craig Cunningham
       3000 Custer Road, Ste. 270-206
       Plano, TX  75075

       NOW COMES Defendant Mikal C. Watts and responds to the First Set of

Interrogatories propounded by Plaintiff pursuant to Rule 33 of the Federal Rules of Civil

Procedure.

                              Respectfully submitted,

                              WATTS GUERRA LLP
                              4 Dominion Dr.
                              Bldg. 3, Ste. 100
                              San Antonio, Texas 78257
                              Telephone: (210) 447.0500
                              Facsimile: (210) 447.0501

                              */s/ Alicia D. O'Neill*
                              MIKAL C. WATTS
                              State Bar No. 20981820
                              Email:  mcwatts@wattsguerra.com
                              FRANCISCO GUERRA, IV.
                              State Bar No. 00796684
                              Email:  fguerra@wattsguerra.com
                              ALICIA O'NEILL
                              State Bar No. 24040801
                              Email: aoneill@wattsguerra.com

PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

ATTORNEYS FOR DEFENDANTS,
WATTS GUERRA LLP, MIKAL C.
WATTS, FRANCISCO GUERRA, IV, and
PAIGE BOLDT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of January 2023, a true and correct copy of the above and foregoing has been sent to Plaintiff by means indicated below:

Craig Cunningham                                    *Via email:*
3000 Custer Road, Ste. 270-206                      *projectpalehorse@hushmail.com*
Plano, TX 75075
*Pro Se* **Plaintiff**


/s/ Alicia D. O'Neill
Alicia D. O'Neill

2

## ANSWERS TO INTERROGATORIES

1. State the following information related to any of the telephone campaigns:

    a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, fax number, all phone numbers);

    b. Identification of the equipment, third party, and/or software used to make the call (e.g., Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location of the call origination/dialer;

    c. The source(s) where you obtained the telephone number called, including the nature of such relationship and the facts and circumstances surrounding such; and

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

      Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

2. Identify all facts in support of affirmative defenses you have raised.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

      Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive

of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

See Defendant's live pleading and Motion for Summary Judgment.

3. Identify by name, address, company name, telephone number and all other contact information in your possession, custody or control, the individual or entity that physically dialed the calls to the Plaintiff alleged in his Complaint and identify their job responsibilities.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The interrogatory is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

4

4. Please identify the person or persons responsible for receiving, maintaining, investigating, and responding to complaints submitted to Defendant relating to any investigations related to TCPA violations and identify the individual responsible for initiating disciplinary measures against the responsible party.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

Mikal C. Watts and Francisco Guerra IV, as owners and principal partners of Watts Guerra Law Firm, and Alicia D. O'Neill as managing/directing partner of the mass torts offices.

5. State why a Watts Guerra Retainer bearing your signature was sent to the the Plaintiff and all facts to explain how that document could have would up in the hands of the parties that emailed it.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of

this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The interrogatory is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

6. Identify each and every person who provided the information to answer these interrogatories, and specify each interrogatory or interrogatories about which each such person had information.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

Defendants Mikal C. Watts, Francisco Guerra IV, and Paige Boldt by and through Alicia D. O'Neill as their attorney.

6

7. Identify all persons who have made requests to stop being contacted by you or complaints about calls from you or any vendor, including, but not limited to, requests and complaints made by mail, email, or telephone; requests and complaints submitted to any government agency; requests and complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization; or any other organization of any kind.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The interrogatory is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

8. Identify each lawsuit in which Defendant or any of its marketing partners were a named party at any time in the last ten years in which the plaintiff's claims arose under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") and its implementing regulations.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Defendant objects to this discovery request in that it seeks information which may be derived or ascertained from court records, which are public, and the burden of deriving or ascertaining the information is substantially the same for the party seeking discovery as for Defendant.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The interrogatory is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

9. Identify in detail all interactions that any employee of Defendant, or any third party it retained, has had with the Plaintiff in the last four years.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Defendant objects to this discovery request to the extent that this information is already in the possession of Plaintiff. As a participant and/or recipient Plaintiff has knowledge of any firsthand communication with Defendants.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The interrogatory is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

10. State what actions were taken by you after the Plaintiff's email on April 20, 2022 notifying you of this lawsuit

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The interrogatory is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

11. State the name, address, and phone number of each marketing partner that you have hired advertising for your Zantac mass tort claims

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service,

Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

12. State the total number of clients that your advertising partners have referred to you as a result of your Zantac mass tort advertising partners

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

13. State the method of how you are notified of new clients by your advertising partners as a result of your advertising partners.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022.

Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

14. State the total number of advertising partners that are advertising for Zantac mass tort claims.

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

15. State how payments were made to each advertising partner for Zantac claims

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022.

Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

16. State all websites used by marketing partners for zantac claims

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

17. State all forms of advertising by advertising partners for Zantac claims

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service,

Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

18. State the dates of advertising campaigns for Zantac clients by Watts Guerra

**Answer**: Defendant objects to this interrogatory because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the interrogatory is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

## VERIFICATION

DORADO, PUERTO RICO                    §

BEFORE ME, the undersigned authority, on this day appeared <u>Mikal C. Watts</u>, known to me to me to be the person whose name is subscribed to the foregoing instrument, who, after being duly sworn and deposed, says that the above and foregoing Answers to Plaintiff's First Set of Interrogatories are true and correct to the best of their knowledge and belief.



_____
SIGNATURE

MIKAL C. WATTS

SUBSCRIBED AND SWORN TO BEFORE ME on this ⟨G⟩ day of _____ Ja__ , 2023, to certify which witness my hand and seal of office.

JESSICA DIEGO MARTINEZ
My Notary ID # 124000213
Expires September 28, 2025

Notary Public
State of _Texas_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CRAIG CUNNINGHAM                    §
                                    §
v.                                  §          CIVIL ACTION NO. 5:22-cv-363-OLG
                                    §
WATTS GUERRA, LLP; et al.           §
                                    §

**DEFENDANT MIKAL C. WATTS' RESPONSES
TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

TO:    *PRO SE* **PLAINTIFF**
       Craig Cunningham
       3000 Custer Road, Ste. 270-206
       Plano, TX  75075

       NOW COMES Defendant Mikal C. Watts and responds to the Requests for

Production propounded by Plaintiff pursuant to Rule 34 of the Federal Rules of Civil

Procedure.

                              Respectfully submitted,

                              WATTS GUERRA LLP
                              4 Dominion Dr.
                              Bldg. 3, Ste. 100
                              San Antonio, Texas 78257
                              Telephone: (210) 447.0500
                              Facsimile: (210) 447.0501

                              */s/ Alicia D. O'Neill*
                              MIKAL C. WATTS
                              State Bar No. 20981820
                              Email:  mcwatts@wattsguerra.com
                              FRANCISCO GUERRA, IV.
                              State Bar No. 00796684
                              Email:  fguerra@wattsguerra.com
                              ALICIA O'NEILL
                              State Bar No. 24040801
                              Email: aoneill@wattsguerra.com

PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

ATTORNEYS FOR DEFENDANTS,
WATTS GUERRA LLP, MIKAL C.
WATTS, FRANCISCO GUERRA, IV, and
PAIGE BOLDT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of January 2023, a true and correct copy of the above and foregoing has been sent to Plaintiff by means indicated below:

Craig Cunningham                          *Via email:*
3000 Custer Road, Ste. 270-206            *projectpalehorse@hushmail.com*
Plano, TX  75075
*Pro Se* **Plaintiff**


                                          /s/ Alicia D. O'Neill
                                          Alicia D. O'Neill

2

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1:** Produce all documents that refer or relate to the Plaintiff Craig Cunningham, Bonnie Deraffenre or Patricia Massendale or any persons associated with the address 44 south Adams street Denver, Colorado 8 0 2 0 8 or with the phone numbers 615-348-1977 or 704-444-3333.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations made to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 2:** All documents that identify the dialing capacities of the system(s) used to make or receive calls as a result of your Zantac Mass tort litigation marketing.  This includes, but is not limited to, manuals, evaluations and internal correspondence regarding the equipment and the entity that manufactures that equipment.

**Response**: Defendants object to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendants in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendants is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors,

insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 3:** All documents sent to or received from the FTC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Subject to the foregoing objection and without waiving same, Defendant indicates as follows:

To the best of Defendant's knowledge, no such document exists, has been received or is in Defendant's possession.

**Request No. 4:** All documents relating to complaints made to Defendant, or to any individual or entity retained by Defendant, relating to telemarketing calls. This Request specifically includes any complaints to you by mail, email, or telephone; complaints submitted to any government agency; complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce, or other consumer advice or protection organization; or any other organization of any kind.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought

includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Objection is hereby made to this discovery request in that it is unlimited and unreasonable in its scope and time set forth in Plaintiff's request.  Further, this request is overbroad, harassing and not reasonably tailored to include only a request for relevant information.

**Request No. 5:**  All contracts with any third parties that were engaged by you or to your knowledge that your employer that made any marketing efforts on behalf of the firm Watts Guerra for Zantac mass tort litigation

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Objection is hereby made to this discovery request in that it is unlimited and unreasonable in its scope and time set forth in Plaintiff's request.  Further, this request is overbroad, harassing and not reasonably tailored to include only a request for relevant information.

**Request No. 6:**  All documents concerning internal investigations conducted by Defendant concerning complaints regarding alleged violations of the TCPA by any marketing partners regarding Zantac mass tort litigation

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34

pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

To the best of Defendant's knowledge, no such document exists, has been received or is in Defendant's possession.

**Request No. 7:** All documents referred to in, identified in, or that provide part or all of the basis for your responses to any Interrogatory propounded by the Plaintiff.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 8:**  All documents, records, data, recordings and other materials relating to Plaintiff or his telephone number, 615-348-1977 or 704-444-3333.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 9:** All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure

under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 10:**  Produce all correspondence with Berken Media, Robert Kenyon, and any marketing partners advertising for clients for the Zantac litigation on behalf of Watts Guerra to include emails, text messages, and phone records.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The request is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

**Request No. 11:** Produce all documents relating to any audits, investigations or other inquiries regarding advertising partners advertising for clients on behalf of Watts Guerra for Zantac litigation.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The request is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

**Request No. 12:**  Produce all documents relating to any training between Watts Guerra and any marketing partners on how advertising should be done or not for the Zantac litigation.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 13:**  Produce all advertising materials, scripts and drafts of scripts approved for the Zantac mass tort litigation.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of

Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 14:**  Produce all documents reflecting payment exchanged with Watts Guerra and Berken Media, Robert Kenyon, or any advertising partners for Zantac mass tort litigation to include invoices and bank statements.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

10

Defendant responds that, after a diligent search, no such documents exist or ever existed in the custody or control of Defendant.

**Request No. 15:**  All documents that identify the source of telephone numbers and client names your company obtained through any advertising partners for the Zantac litigation.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 16:**  Produce copies of all marketing materials, business plans, memoranda, minutes, and/or other documents that reference using telemarketing or websites to contact persons and/or entities to promote your goods or services.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought

includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 17:** Produce all websites used by any marketing partners that advertise for clients for the Zantac litigation through Watts Guerra directly or through advertising partners

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 18:** Produce all emails, notes, or communication sent to marketing partners in April 2022 that refer or relate to: Craig Cunningham or calls to 615-348-1977.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary

information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Defendant objects to this discovery request to the extent that it would require Defendant to create documents not presently in existence, and never existed or are in Defendant's custody, possession or control.

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The request is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

**Request No. 19:** Produce all websites used by any marketing partners that advertise for clients for the Zantac litigation through Watts Guerra directly or through advertising partners.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 20:** Produce all documents relating to a client or potential clients named Bonnie Deraffenre or Patricia Massendale or any persons associated with the address 44 south Adams street Denver, Colorado 8 0 2 0 8 relating to the Zantac Mass tort litigation, including clients referred by marketing partners.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34

pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**Request No. 21:** Produce all phone records from a phone company for any marketing partners that placed or received calls on behalf of Watts Guerra for Zantac mass tort advertising including calls to 615-348-1977 or 704-444-3333.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Defendant objects to this discovery request to the extent that it would require Defendant to create documents not presently in existence, and never existed or are in Defendant's custody, possession or control.

14

Subject to the foregoing objections and without waiving same, Defendant indicates as follows:

The request is misleading and assumes facts that are disputed, therefore any answer given would be misleading.

**Request No. 21:**  Produce all contracts, payments, tracking of progress, and reports and recommendations for contracts for online advertising companies for Zantac mass tort litigation that were used in 2022 from Alicia O' Neill as specified in your affidavit.

**Response**: Defendant objects to this discovery request because Plaintiff failed to timely comply with the Court's Order (Dkt. 26) to serve any interrogatories under Federal Rule of Civil Procedure 33 or requests for production under Federal Rule of Civil Procedure 34 pertaining to the issues presented in his motion to defer ruling by December 9, 2022. Despite his representations to the Court and Defendant in his Certificate of Service, Plaintiff's electronic mail transmission propounding discovery to Defendant is dated December 10, 2022, and the postmark on the hard copy sent by certified mail is dated December 16, 2022.

Objection is made because the request is invasive of the mental impressions, conclusions, opinions, or legal theories of this party's attorney or other representative of this party, which are protected from discovery by the work product privilege; is invasive of communications made for the purpose of facilitating the rendition of professional legal services between this party and this party's representatives or among this party's representatives, including this party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; is invasive of trade secrets and other proprietary information, which matters are privileged from disclosure. Further, the information sought includes Defendant's privileged, personal, constitutional, property rights and is confidential information protected under the rights to privacy and freedom from disclosure under the common law and Texas and United States Constitutions and pursuant the Federal Rules of Civil Procedure and Federal Rules of Evidence.