IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) CASE NO. 5:22-CV-00363-OLG-HJB |
| Plaintiff, | ) JUDGE ORLANDO L. GARCIA |
| vs. | ) |
| WATTS GUERRA, LLP, et al., | ) **DEFENDANTS BERKEN MEDIA, LLC'S AND ROBERT KENYON'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** |
| Defendants. | ) |

**I.     INTRODUCTION**

Contrary to the theorizing of Plaintiff Craig Cunningham's ("Plaintiff"), neither Defendants Berken Media, LLC and Robert Kenyon (the "Berken Defendants"), nor their attorneys, have "conspired" with Alicia O'Neal, Watts Guerra, LLP, or the other defendants to "delay and hinder" his prosecution of this matter. (Pl.'s Mot., Dkt. No. 57, ¶ 11). The opposite is true: the Berken Defendants wish to move this matter forward, and have sought to do so on several occasions.

The goal of orderly and rapid progress is continually thwarted by Plaintiff's refusal to review and abide by the Local Rules and Federal Rules of Civil Procedure. His continued failure to do so is highlighted by his Motion to Compel and for Sanctions (the "Motion"), wherein he failed to: (a) provide the Court with copies of the at-issue discovery requests and responses (as required by Local Rule CV-26; and (b) engage in the meet-and-confer process as required by Fed. R. Civ. P. 37. Worse, the Motion is premised purely on falsehoods and flawed legal conclusions, unsupported by the record or the Rules.

In light of the aforementioned procedural and substantive shortcomings, the Court should deny the impulsively filed Motion and award Defendants their fees incurred in opposing it.  To

1

the extent there is anything of substance in the Motion, it would have been resolved with even the most modest attempts to meet and confer, as the Rules require.

## II.     RELEVANT FACTS

On December 10, 2022—approximately seventy-nine (79) days before the Berken Defendants appeared in the case—Plaintiff certified that he had already served the Berken Defendants with two (2) separate sets of discovery requests (the "Requests"). (*See* Pl.'s Disc. Req. to R. Kenyon, Dkt. No. 31); (*See also* Pl.'s Disc. Req. to Berken Media, LLC, Dkt. No. 35). The Requests were allegedly "exchanged with all parties and/or counsel of record *via email and by first class mail* on 12/9/2022." (*See* Pl.'s Disc. Req. to R. Kenyon, Dkt. No. 31, p. 13 (emphasis in original)); (*See also* Pl.'s Disc. Req. to Berken Media, LLC, Dkt. No. 35, p. 13 (same)). However, no such exchange occurred.

Despite the false certification at Docket No. 31, the first delivery of any Requests did not occur before February 8, 2023, by virtue of a process server, through whom Plaintiff allegedly served *Robert Kenyon alone* with copies of the Requests. (Pl.'s Mot., Dkt. No. 57, ¶¶ 14, 22). At no time did Plaintiff appropriately serve Berken Media with copies of the same.[1]

Notably, regardless of the *exact* date on which Plaintiff served the Requests, he did so *at least* nineteen (19) days prior to the date on which the Berken Defendants first appeared in the case. (*See* Def. Berken's Answer, Dkt. No. 39); (*see also* Def. Kenyon's Answer, Dkt. No. 40).

---

[1] Plaintiff's attempts to serve Berken Media have been half-hearted and legal inadequate. More specifically, with regard to the Complaint, by failing to serve Berken Media's registered agent for service of process, Plaintiff neither afforded the Court an opportunity to acquire personal jurisdiction over Berken Media, nor complied with the requirements set forth in Fed. R. Civ. P. 4(h). (*See* Mot. to Set Aside, Dkt. No. 48, ¶¶ 7-13 (detailing Plaintiff's failure to serve documents at the correct address, upon the appropriate person, and in the manner prescribed by the Federal Rules of Civil Procedure); (*see also* Order, Dkt. No. 52, p. 1). As addressed more fully in Berken Media's Motion to Set Aside Default, the "door drop" service that Plaintiff deployed with regard to the Complaint is in no way sufficient under Fed. R. Civ. P. 4. (*See* Mot. to Set Aside, Dkt. No. 48, ¶ 12 (collecting cases)). Just as it is insufficient for the purpose of serving the Complaint, it is insufficient for the purpose of serving discovery.

23024439 v3

Approximately two (2) months later, in late-April, Berken Media informed Plaintiff of its position with regard to service of the Requests—namely that it was ineffective under the Local Rules and Federal Rules of Civil Procedure. (*See* N. Wilson Decl., ¶ 3, attached hereto as **Exhibit 1**). However, in a good-faith effort to provide Plaintiff with the documents and information sought by the Requests, Berken Media asked that Plaintiff confirm that he sought responses to the as-filed versions of the Requests. (*Id.* at ¶¶ 4-5). Though the Berken Defedants offered to negotiate a response deadline Plaintiff refused to clarify or confirm—that is, until approximately one month later, when Plaintiff informed the Berken Defendants of the allegedly overdue nature of their responses to the Requests. (*Id.* at ¶ 5); (Email from L. Kogan to C. Cunningham, May 30, 2023, attached hereto as **Exhibit 2**). Though the Berken Defendants disputed the propriety of the prematurely served Requests, in the interest of efficiency, they agreed to respond to the same on or before June 2, 2023. (*See id.*). And as promised, the Berken Defendants served their responses on June 2, 2023 (the "Responses"). (Email from D. Krueger to C. Cunningham, June 2, 2023, attached hereto as **Exhibit 3**).

A mere four (4) days later, Plaintiff and the Berken Defendants (collectively, the "Parties") participated in a meet-and-confer regarding certain alleged deficiencies that Plaintiff identified in the Responses. More specifically, Plaintiff identified eight (8) matters with which he took issue:

| (1) Phone records regarding the initial entity that contacted Plaintiff | (2) Information regarding lawsuits in which Berken Media, LLC has been involved | (3) Contracts and invoices with Call Gurus | (4) Names, addresses, and contact information for Berken Media, LLC employees |
|---|---|---|---|
| (5) Any and all information regarding "Air Slate" | (6) The retainer agreement between Berken Media, LLC its prior counsel; | (7) Transactions and/or communications with Brad Johnson | (8) Bank statements for accounts owned by Berken Media, LLC |

(D. Krueger Decl., ¶ 8(a)-(h), attached hereto as **Exhibit 4**).

3

In response to the issues raised in that conference, on June 15, 2023, the Berken Defendants submitted a formal follow-up letter to Plaintiff (the "Letter," attached hereto as **Exhibit 5**). *First*, the Berken Defendants noted that, though Plaintiff sought information and documents that were not actually sought in the Requests, Defendants were willing to conduct a reasonable, good faith search to locate some of them. (*See, e.g., id.* at pp. 1-2). *Second*, the Berken Defendants informed Plaintiff that they were unable to provide or produce the remaining information and documents, as those materials rested outside their possession, custody, or control. However, to assist Plaintiff in procuring those items, the Berken Defendants provided the identities of the third parties that may have access to the documents, and agreed to attempt to gain access, if possible. (*See id.*).

Despite the continued, good faith efforts on the part of the Berken Defendants to provide Plaintiff with the information and documents he seeks, or to otherwise meet-and-confer when necessary, Plaintiff opted to complain. As such, and because many of the alleged "deficiencies" about which Plaintiff protests are a direct result of his unfamiliarity with, or complete disregard for, the Federal Rules of Civil Procedure, the Local Rules of this Court, and controlling case law, this Court should deny his Motion as a mere attempt to "cause unnecessary delay and expense … and waste the court's time." (Pl.'s Mot., Dkt. No. 57, ¶ 25).

### III. LAW AND ARGUMENT

    **A.    Plaintiff's Motion Should be Denied Due to His Failure to Comply with the Appropriate Local Rules of this Court and Federal Rules of Civil Procedure**

Before the Court can consider the merits of the Motion, it must first address its myriad procedural shortcomings. These are issues that could have been avoided with a basic reading of the Rules.

A cursory review of the Motion reveals that Plaintiff neglected to attach the appropriate

4

documents, and further failed to certify that he met and conferred with the Berken Defendants regarding the disputes referenced therein. *See* CV-26(a) (requiring that the at-issue discovery requests and responses be attached to motions seeking relief under Fed. R. Civ. P. 37); *see also* Fed. R. Civ. P. 37(a)(1) (requiring that the movant include a certification that it met and conferred in good faith with the party that allegedly failed to make discovery). Furthermore, he prematurely served the Requests and filed an untimely motion to compel responses to the same.

Plaintiff's failure to comply with the clear and unambiguous prescriptions set forth by the Local Rules of this Court and the Federal Rules of Civil Procedure warrant prompt denial of his Motion.

### 1.     *Plaintiff Failed to Comply with Local Rule CV-26(a).*

Plaintiff argues that the "[Berken] Defendants have still thrown up page and pages of irrelevant objections and have refused to produce a majority of documents." (Pl.'s Mot., Dkt. No. 57, ¶ 21). However, though required by CV-26(a), Plaintiff failed to provide the Court with copies of the allegedly deficient responses. That alone provides the Court with a sufficient basis upon which to deny the Motion.

This Court set forth specific requirements for discovery-related motions. According to Local Rule CV-26:

> if relief is sought under Federal Rules of Civil Procedure 26(c) or 37, concerning any interrogatories, requests for production or inspection, requests for admissions, answer to interrogatories or responses to requests for admissions, copies of the portions of the interrogatories, requests, answers or responses in dispute *shall be attached to the motion*.

CV-26(a) (emphasis added); *see also Maes v. Lowe's Home Ctrs, LLC*, No. EP-17-CV-00107-FM, 2018 WL 3603113 at *7 (W.D. Tex. Feb. 9, 2018) ("Put simply, the party seeking relief from a discovery request must attach to its motion a copy of the subject discovery request.").

Rather than providing the Court with concrete examples of allegedly deficient responses,

Plaintiff instead offers nothing more than bald assertions that the Berken Defendants asserted "irrelevant objections" and "have been lying and holding out on relevant and discoverable [ ] documents." (Pl.'s Mot., Dkt. No. 57, ¶¶ 12, 21). This is hardly sufficient. This Court has routinely denied motions that fail to identify the purportedly unsatisfactory responses or objections, or to otherwise provide cause for the issuance of sanctions relating to the same. *See, e.g.*, *Emesowum v. Zeldes*, Civ. Act. No. SA-15-CV-831-XR, 2016 WL 3579232 at *11 (W.D. Tex. June 27, 2016) (denying a pro se plaintiff's motion that "does not specify which particular responses or objections he finds to be unsatisfactory and worth of sanctions, nor … why any particular response provides cause for sanctions."). It should do the same here.

### 2. Plaintiff Failed to Comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure.

Without substantiating his claim, Plaintiff alleges that the "[Berken] Defendants … are not responsive to [his] efforts to move this case along" and do not "respond to phone calls or emails." (Pl.'s Mot., Dkt. No. 57, ¶ 25). However, that could not be further from the truth. (*See* D. Krueger Decl., ¶¶ 2, 6, 8, 9); (N. Wilson Decl., ¶¶ 3-5); (*see also* Ex. 2); (*see also* Ex. 3); (*see also* Ex. 5). In fact, it is *Plaintiff* who has failed to "confer[ ] or attempt[ ] to confer" with the Berken Defendants. *See* Fed. R. Civ. P. 37(a)(1). This is fatal to his Motion.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party moving for an order compelling disclosure of discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1). "The court may refuse to hear or may deny a non-dispositive motion unless the movant advises the court within the body of the motion that ... the parties have first conferred in a good faith attempt to resolve the matter [and] certifies the specific reason that no agreement could be made." CV-

6

7(G); *see, e.g. Rainbow Energy Marketing Corp. v. DC Transco, LLC*, Case No. 1:21-cv-313-RP, 2022 WL 2820670 at *1 (W.D. Tex. July 18, 2022) (denying a plaintiff's motion for failure to meet and confer in good-faith); *see also DeLeon v. Martinez*, No. EP-20-CV-00311-DCG-RFC, 2021 WL 8053506 at *1 (W.D. Tex. June 23, 2021) (same).

The Motion is devoid of *any* meet-and-confer certification. In fact, Plaintiff fails to refer to a single discussion that he had with the Berken Defendants regarding their allegedly deficient responses to the Requests. Though the Berken Defendants acknowledge that certain discussions occurred, and they stood by certain objections asserted in their Responses, all the discussions called for further follow-up, which would have involved some minimal effort by Plaintiff to address the points the Berken Defendants had made. At no time did the Defendants declare that no further agreement could be reached. (*See* D. Krueger Decl., ¶¶ 8-11). Rather, the Berken Defendants remained open and willing to continue to operate within the spirit of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (stating that the purpose of the rules is to "secure the just, speedy, and inexpensive determination of every act and proceeding."). Plaintiff filed his Motion without any of the further conferences that the Berken Defendants invited.

Of utmost relevance, here, is this Court's recent decision in *Arellanez v. Morales*. *See* No. EP-19-CV-00187-KC-MAT, 2022 WL 347615 (W.D. Tex. Feb. 4, 2022). In *Arellanez*, the plaintiff's motion did not include the required certification confirming that the parties conferred, or attempted to confer, prior to bringing discovery-related issues before the Court. *Id.* at *3. The Court held that "the fact that Plaintiff is *pro se* does not alleviate Plaintiff of his obligation to communicate with Defendant about producing documents before seeking court intervention. Thus, Plaintiff's failure to confer, or attempt to confer, with Defendant before moving the Court to order document production warrants denial of the motion." *Id.* Similarly, here, the Motion

7

does not include the required certification indicating that the Parties met and conferred regarding the issues set forth therein. As in *Arellanez*, Plaintiff should not be permitted to use his *pro se* status to serve as a means to run afoul of the clear and unambiguous requirements of the Local and Civil Rules. *Id.* His flagrant attempt to do so constitutes reason to deny his Motion.

### 3. Plaintiff's Alleged Service of the Discovery Requests Was Premature.

As noted, even if Plaintiff had properly served the Berken Defendants with a copy of the Summons of Complaint, and then properly served them with discovery on February 8, 2023—neither of which occurred—the Berken Defendants did not appear in this action until February 27, 2023. (*See* Def.'s Answer, Dkt. No. 39); (*see also* Def.'s Answer, Dkt. 40).

Service of discovery requests upon a party that has not yet appeared is a nullity. A party does not have an obligation to respond to discovery requests until and unless it is served with such requests after its appearance in the action. *See, e.g.*, *McCurry Studios LLC v. Web2Web Mktg.*, No. 13-80246, 2014 U.S. Dist. LEXIS 35637, *1-6 (N.D. Cal. March 18, 2014) (denying motion to compel discovery served on the defendant prior to the defendant's appearance in the action); *Biagas v. Virga*, No. 2:13-cv-2656, 2016 U.S. Dist. LEXIS 17798, *1-2 (E.D. Cal. Feb. 12, 2016) ("A request for production of documents under Federal Rule of Civil Procedure 34 is properly served on a defendant once the defendant has appeared in the action. Until such appearance, no defendant is bound to respond to a Rule 34 document request. Similarly, a motion to compel under Rule 37 is authorized only once a defendant has failed to properly respond to a discovery request. However, as a defendant is only required to respond to discovery requests after they have appeared in an action, no response was required and therefore no grounds exist to grant a motion to compel.").

In late-April, approximately one (1) month after appearing in the case, the Berken Defendants informed Plaintiff that the Requests were prematurely served. (*See* N. Wilson Decl.,

¶ __). However, Plaintiff refused to acknowledge the error of his ways, and continued to pressure the Berken Defendants to serve responses to the same. (*See* D. Krueger Decl., ¶ 8). His attempts to do so were improper, as was the purported "service" of the Requests.

### 4. *Plaintiff's Motion is Untimely.*

Plaintiff claims that the Berken Defendants discovery responses were due on March 10, 2023. Even if that were true, the discovery deadline was June 23, 2023. (*See* Order, Dkt. No. 47.) Yet, Plaintiff waited until July 14, 2023 to file his Motion to Compel.[2] Simply put, Plaintiff's Motion to Compel is untimely. Local Rule CV-16(e) ("Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery."); *see, e.g.*, *Rainbow Energy Mktg. Corp. v. DC Transco, LLC*, No. 1:21-cv-313-RP, 2022 U.S. Dist. LEXIS 186198, *3-4 (W.D. Tex. Oct. 12, 2022) (denying motion to compel discovery filed after discovery deadline relating to matters that occurred earlier in the discovery period).

### B. **Plaintiff's Motion is Legally Deficient and Factually Baseless, Thus Providing this Court with Ample Discretion to Deny the Same**

Despite the Berken Defendants reasonable, good faith efforts to defend this case, and provide Plaintiff with the information he seeks, he believes it appropriate for the Court to assess sanctions against its counsel at a rate of $10,000 per attorney, as well as to *sua sponte* waive any potential objections that the Berken Defendants may have, and enter all admissions sought against them. The Court is well within its discretion to deny his request to do so.

"Rule 37 empowers the district court to compel compliance with Federal discovery

---

[2] As noted in the Berken Defendants' recent Motion to Amend Filing Date of the Motion to Compel, (*see* Defs.' Mot. to Am., Dkt. No. 58), while Plaintiff's Motion was docketed with a filing date of June 30, 2023, it was not filed until July 14, 2023. Regardless, for present purposes, Plaintiff's Motion was filed after the discovery deadline either way.

procedures…." *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977). Although the district court has wide latitude in framing orders and in penalizing failure to comply, that discretion has limits. *Id.* (*citing B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964)); *see also Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985) ("Although the district court's discretion under Rule 37 is broad, we have repeatedly emphasized that it is not unlimited….").

This Court's decision in *Emesowum* is instructive, here. In *Emewosum*, plaintiff served discovery requests on defendants City of San Antonio, Zeldes, and Reudemann. The City of San Antonio timely served responses to plaintiff's discovery requests, while Zeldes and Reudemann filed their responses approximately two (2) days after the date on which they were due. Plaintiff complained that the defendants "failed to comply with discovery requests" and gave "fallacious" and "frivolous" responses. 2016 WL 3579232 at *11. However, he did not specify which particular responses or objections he found to be unsatisfactory or worthy of sanctions, nor did he explain why any particular response provided cause for sanctions. *Id.* The Court declined to sanction the defendants "[b]ecause of the small delay and [plaintiff]'s failure to abide by the local rule [CV-26]. *Id.* In arriving at its conclusion, the Court acknowledged that it has broad discretion in managing discovery, which carries with it the *option* to levy sanctions for failure to serve written responses to *appropriately served* discovery requests. *Id.*

Here, Plaintiff alleges that he served the Requests upon Berken Media. However, as discussed in Part II, *supra*, he did no such thing. Though the Berken Defendants overlooked Plaintiff's missteps with regard to service, and submitted responses to the Requests in accordance with Fed. R. Civ. P. 26(d), Plaintiff argues that they should be subject to sanctions. Notably, as in *Emesowum*, Plaintiff "did not specify which particular responses or objections he

10

finds to be unsatisfactory and worthy of sanctions, nor does it explain why any particular response provides cause for sanctions." *Id.* Given Plaintiff's failure to comply with Local Rule CV-26, and the fact that the Berken Defendants served timely responses to the Requests, this Court should rule as it did in *Emesowum* and "decline to sanction" the Berken Defendants. *Id.*

### IV. <u>CONCLUSION</u>

In light of the foregoing, the Court should deny Plaintiff's Motion to Compel and for Sanctions.

Dated: July 21, 2023                                    Respectfully submitted,

<u>*s/ David M. Krueger*</u>
DAVID M. KRUEGER (0085072)
LAURA E. KOGAN (0087453)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: dkrueger@beneschlaw.com
lkogan@beneschlaw.com

*Attorneys for Defendants Berken Media, LLC and Robert Kenyon*

23024439 v3

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, a copy of the foregoing *Defendants Berken Media, LLC's and Robert Kenyon's Opposition to Plaintiff's Motion to Compel and for Sanctions* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Defendants further certify they will serve a copy of this Motion on Plaintiff by email at projectpalehorse@hushmail.com.

> */s/ David M. Krueger*
> David M. Krueger (0085072)
> *One of the Attorneys for Defendants Berken Media, LLC, and Robert Kenyon*