# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) CASE NO. 5:22-CV-00363-OLG-HJB |
| | ) |
| Plaintiff, | ) JUDGE ORLANDO L. GARCIA |
| | ) |
| vs. | ) |
| | ) **DECLARATION OF DAVID M.** |
| WATTS GUERRA, LLP, et al., | ) **KRUEGER IN SUPPORT OF** |
| | ) **DEFENDANTS OPPOSITION TO** |
| | ) **MOTION TO FOR SANCTIONS** |
| Defendants. | ) |
| | ) |

Now comes DAVID M. KRUEGER, first being duly sworn, deposes and states as follows:

1. I am a partner at the law firm of Benesch, Friedlander, Coplan & Aronoff, LLP ("Benesch"), attorneys for Defendants Berken Media, LLC and Robert Kenyon (collectively, the "Berken Defendants") in this matter. I submit this declaration in support of *Defendants Berken Media, LLC's and Robert Kenyon's Opposition to Plaintiff's Motion to Compel and for Sanctions* (the "Opposition"), filed contemporaneously herewith.

2. I am fully familiar with the facts stated herein, and make this declaration based on my personal knowledge and documentation reviewed, drafted, or filed by me in the ordinary course of my duties.

3. On May 30, 2023, Plaintiff Craig Cunningham ("Plaintiff") informed Berken Media of what he believed to be the overdue nature of Berken Media's responses to previously served discovery requests (the "Requests").

4. Though Berken Media disputed the propriety of the prematurely served discovery requests, in the interest of efficiency, they agreed to respond to the same on or before June 2, 2023.

23024465 v1

5. A true and accurate copy of an email exchange between Laura Kogan, myself, and Plaintiff is attached to the Opposition as **Exhibit 1**.

6. Consistent with the above-referenced agreement, Counsel served the Berken Defendants' responses to Plaintiff's discovery requests on June 2, 2023 (the "Responses").

7. A true and accurate copy of the email correspondence containing the Responses is attached to the Opposition as **Exhibit 2**.

8. On June 6, 2023, I participated in a meet-and-confer with Plaintiff regarding the Responses. During that call, Plaintiff detailed eight (8) different matters with which he took issue. More specifically, he sought:

    a. Phone records regarding the initial entity that contacted him;

    b. Information regarding lawsuits in which Berken Media, LLC was involved;

    c. Contracts and invoices with Call Gurus;

    d. Names, addresses, and contact information for employees of Berken Media, LLC;

    e. Information regarding "Air Slate";

    f. The retainer agreement between Berken Media, LLC and its prior counsel;

    g. Transactions and/or communications with Brad Johnson; and

    h. Bank statements for accounts owned by Berken Media, LLC.

9. Though Counsel did not agree with Plaintiff's characterization of the Responses as "deficient," we sent a follow-up letter to Plaintiff on June 15, 2023 in an attempt to further meet-and-confer with regard to the above-listed topics.

23024465 v1

10.     True and accurate copy of the June 15, 2023 letter is attached to the Opposition as **Exhibit 4**.

11.     At no time thereafter did Plaintiff attempt to meet-and-confer with Counsel regarding the Responses or the Requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
DAVID M. KRUEGER (0085072)

23024465 v1