**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Craig Cunningham, | |
| Plaintiff, | |
| v. | CONSOLIDATED CASE NO. SA-5:22-CV-00363-OLG-HJB |
| Watts Guerra, LLP, Mikal C. Watts, Watts Guerra, LLP; Francisco Guerra IV, Watts Guerra, LLP; Paige Boldt, Watts Guerra LLP; Berken Media, LLC, Robert Kenyon, Natural Person and Corporate Officer of Berken Media, LLC; and Jonh/Jane Does 1-5, | |
| Defendants. | |
| | |
| Craig Cunningham, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | CASE NO. SA-23-CV-00910-OLG |
| Watts Guerra, LLP, Watts Guerra, LLC, Henson Fuerst, P.A., Law Office of Douglas Boxer, and Biltmore Law Group, PLLC, | |
| Defendants. | |

<u>**JOINT SCHEDULING REPORT FOR 2023 CLASS CASE**</u>
<u>**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**</u>

Pursuant to Fed. R. Civ. P 26(f), Local Court Rule CV-16(c) and the Court's October 13, 2023 Order, ECF No. 83, Craig Cunningham ("Plaintiff") and Watts Guerra, LLP, Watts Guerra, LLC, Henson Fuerst, P.A., Law Office of Douglas Boxer, and Biltmore Law Group, PLLC (collectively, "Defendants") submit this joint report of the parties' Rule 26(f) conference for Case

No. SA-23-CV-00910-OLG (the "2023 Class Case"), which was consolidated into Consolidated

Case No. SA-22-CV-00363-OLG.

**1.      What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff alleges that, beginning in or around December 2022 and continuing through April

2023, he began receiving a series of calls, delivered using an artificial or prerecorded voice, from

a rotating series of phone numbers, seeking to identify potential claimants for the pending Camp

Lejeune mass tort litigation. Following his investigation of the identity of the caller(s) and the

parties responsible for those telephone calls, Plaintiff received a retainer agreement that identified

Defendants, and which ostensibly offered to provide legal representation to Plaintiff in order for

him to submit a Camp Lejeune mass tort claim.

Plaintiff alleges that the robocalls at issue were sent in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Specifically, Plaintiff alleges that

Defendants sent, or caused another to send, robocalls to his cellular telephone number, absent his

prior express consent, with the use of an artificial or prerecorded voice or an automated telephone

dialing system, in violation of § 227(b)(1)(A)(3). *See Shields v. Gawk Inc.*, No. 3:18-CV-00150,

2019 U.S. Dist. LEXIS 69338, at *7 (S.D. Tex. Apr. 24, 2019) ("The three elements of a TCPA

claim [under Section 227(b)] are: (1) the defendant called a cellular telephone number; (2) using

an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the

recipient's prior express consent."). Plaintiff additionally alleges that Defendants either sent the

robocalls at issue or retained one or more third parties to send those robocalls on their behalf,

making them vicariously liable for the conduct Plaintiff alleges.

Defendants did not place the alleged calls at issue.  Defendants did not contract with or

retain others to place the alleged calls at issue.  The third party alleged to have placed the calls had

never even communicated with Defendants prior to this lawsuit.  Consequently, Defendants are not directly nor vicariously liable to Plaintiff under the TCPA.

**2.      Are there any outstanding jurisdictional issues?**

Defendants contend that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction for the reasons explained in Defendants' motions to dismiss. *See* ECF Nos. 6 & 7 in 2023 Class Case. Plaintiff opposes Defendants' motions, for the reasons explained in his responses in opposition to Defendants' motions. *See* ECF Nos. 18 & 19 in 2023 Class Case.  Defendants have filed their replies to Plaintiffs' responses, *see* ECF Nos. 23 & 24 in 2023 Class Case, <u>and the parties agree these motions are now fully-briefed and ready for court adjudication.</u>

Watts Guerra, LLC additionally contends that it should be dismissed from the case for lack of personal jurisdiction for the reasons explained in Watts Guerra, LLC's motion to dismiss. *See* ECF No. 8 in 2023 Class Case. Plaintiff opposes Defendants' motion, for the reasons explained in his response in opposition to Defendants' motion.  Defendants have filed their reply to Plaintiffs' response *see* ECF No. 20 in 2023 Class Case<u>, and the parties agree this motion is now fully-briefed and ready for court adjudication.</u>

**3.      Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

All parties in the case have either been served or entered an appearance.

**4.      Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have not made any agreements or stipulations about any facts in this case or any element in Plaintiff's causes of action.

**5.    Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The parties have not made any agreements or stipulations about any legal issues in this case.

**6.    Are there any issues about preservation of discoverable information?**

None have been identified by the parties at this time.

**7.    Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The parties do not anticipate any issues with the disclosure or discovery of electronically-stored information, and agree to accept electronic service of discovery requests and responses. Electronically-stored information will be produced in portable document format or other reasonably accessible format without the production of metadata.  The parties reserve the right to request that electronically-stored information be produced in its native format, including any metadata or embedded data, if such production is proportional to the needs of the case.  The parties also reserve the right to lodge appropriate objections under the Federal Rules of Civil Procedure related to production of electronically-stored information in native format, or any other format.

**8.    What are the subjects on which discovery may be needed?**

The parties believe discovery may be needed on (1) Plaintiff's claims and allegations, including Plaintiff's receipt of telephone calls that were allegedly sent in violation of the TCPA, any consent Defendants have to contact Plaintiff, and Defendants' policies and agreements with lead generators as they relate to Plaintiff's allegations of an agency relationship between Defendants' and their lead generators; (2) Plaintiff's alleged receipt of documentation and follow-up communication from Defendants related to the robocalls at issue; (3) the identities of third

parties that Defendants contend may be liable for the alleged conduct; (4) the identities of the

putative class members and the facts underlying their claims; and (5) Defendants' defenses.

**9.      Have initial disclosures been made?  If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties agree to make the initial disclosures required by Rule 26(a) within thirty (30)

days after the resolution of Defendants' motions to dismiss.

**10.     What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed to date. The date on which discovery can reasonably be

completed will depend on the resolution of (1) Defendants motions to dismiss, *see* ECF Nos. 6-8

in 2023 Class Case; and (2) resolution of the factual issues raised in Defendants' declarations in

support of those motions to dismiss. The parties currently anticipate that they can complete

discovery by December 13, 2024. The parties do not believe that discovery should be conducted

in phases.

**11.     What, if any, discovery disputes exist?**

None at this time.

**12.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Not at this time.  The parties will confer on a proposed protective order for submission to

the Court, as necessary.

**13.     Have the parties discussed early mediation?**

The parties do not believe that early mediation would be productive until several threshold

factual and legal issues have been addressed, including the legal issues raised in Defendants'

motions to dismiss, *see* ECF No. 6-8 in 2023 Class Case, the factual issues raised in Defendants'

declarations supporting those motions, and a ruling on class certification.

**14.     Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties will confer on a proposed confidentiality and protective order for submission

to the Court, as necessary.  There are no other scheduling or discovery items requiring the Court's

attention at this time.

Date: <u>November 13, 2023</u>              <u>/s/ Alex D. Kruzyk</u>
                                        Alex D. Kruzyk
                                        Bryan A. Giribaldo
                                        **PARDELL, KRUZYK & GIRIBALDO, PLLC**
                                        501 Congress Avenue, Suite 150
                                        Austin, Texas 78701
                                        Tele: (561) 726-8444
                                        akruzyk@pkglegal.com
                                        bgiribaldo@pkglegal.com

                                        Todd M. Friedman* (admitted pro hac vice)
                                        Adrian R. Bacon* (admitted pro hac vice)
                                        **THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
                                        21031 Ventura Blvd, Ste. 340
                                        Woodland Hills, CA 91364
                                        Tele: (323) 306-4234
                                        tfriedman@toddflaw.com
                                        abacon@toddflaw.com

                                        *Counsel for Plaintiff and the proposed classes*

Date: <u>November 13, 2023</u>              <u>/s/ Mikal C. Watts</u>
                                        Mikal C. Watts
                                        Alicia D. O'Neill
                                        Travis Headley
                                        **WATTS GUERRA LLP**
                                        875 E. Ashby Place, Suite 1200
                                        San Antonio, Texas 78212
                                        Telephone: (210) 447.0500
                                        Facsimile: (210) 447.0501

                                        *Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Craig Cunningham, | |
| Plaintiff, | |
| v. | CONSOLIDATED CASE NO. SA-22-CV-00363-OLG |
| Watts Guerra, LLP, Mikal C. Watts, Watts Guerra, LLP; Francisco Guerra IV, Watts Guerra, LLP; Paige Boldt, Watts Guerra LLP; Berken Media, LLC, Robert Kenyon, Natural Person and Corporate Officer of Berken Media, LLC; and Jonh/Jane Does 1-5, | |
| Defendants. | |
| | |
| Craig Cunningham, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | CASE NO. SA-23-CV-00910-OLG |
| Watts Guerra, LLP, Watts Guerra, LLC, Henson Fuerst, P.A., Law Office of Douglas Boxer, and Biltmore Law Group, PLLC, | |
| Defendants. | |

**SCHEDULING ORDER FOR 2023 CLASS CASE**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following Scheduling Order for Case No. SA-23-CV-00910-OLG (the "2023 Class Case"), which was consolidated into Consolidated Case No. SA-22-CV-00363-OLG:

1.      A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by [**60 days from the date of this order**]. REGARDLESS OF WHETHER THE PARTIES CONCLUDE THAT ADR IS APPROPRIATE OR NOT, THE PARTIES SHALL INCLUDE THE NAME, ADDRESS AND TELEPHONE NUMBER OF A COURT-APPROVED MEDIATOR OR A MEDIATOR AGREED UPON BY BOTH PARTIES IN THEIR ADR REPORT. A list of court-approved neutrals and alternative dispute resolution summary form may

be obtained at https://www.txwd.uscourts.gov/programs-services/alternative-disputeresolution/. If you do not have access to the internet, you may call the United States District Clerk's office at (210) 472-6550 to obtain a copy.

2.      The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by [**120 days from the date of this order**] and each opposing party shall respond, in writing, by [**150 days from the date of this order**].

3.      The parties shall file all motions to amend or supplement pleadings or to join additional parties by [**105 days from the date of this order**].

4.      All parties asserting claims for relief shall FILE their designation of testifying experts and SERVE on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by [**120 days from the date of this order**]. Parties resisting claims for relief shall FILE their designation of testifying experts and SERVE on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by [**150 days from the date of this order**]. All designations of rebuttal experts shall be FILED, and the materials required by Fed. R. Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be SERVED, within 14 days of receipt of the report of the opposing expert.

5.      An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within fourteen (14) days of receipt of the written report of the expert's proposed testimony, or within fourteen (14) days of the expert's deposition, if a deposition is taken, whichever is later.

6.      The parties shall complete all discovery on or before September 13, 2024. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.      All dispositive motions shall be filed no later than October 14, 2024. The timing and page limitations for briefing on any motion shall be governed by the relevant provisions in Local Rule CV-7.

8.      The parties shall mediate this case on or before October 31, 2024, unless the parties seek an order from the Court excusing them from mediation.

9.      This case is set for pretrial conference on Wednesday, November 13, 2024 at 10:30 a.m. The parties should consult Local Rule CV-16 regarding matters to be filed in advance of a pretrial conference and/or trial.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

10.     This case is set for jury selection and trial on Monday, [**395 days from the date of this order**] at 9:30 a.m.

SIGNED AND ENTERED this _____ day of _____, 2023.

_____

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE