UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Craig Cunningham,<br><br>    Plaintiff,<br><br>v.<br><br>Watts Guerra, LLP, Mikal C. Watts, Watts Guerra, LLP; Francisco Guerra IV, Watts Guerra, LLP; Paige Boldt, Watts Guerra LLP; Berken Media, LLC, Robert Kenyon, Natural Person and Corporate Officer of Berken Media, LLC; and Jonh/Jane Does 1-5,<br><br>    Defendants. | CONSOLIDATED CASE NO. SA-22-CV-00363-OLG |
| Craig Cunningham, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Watts Guerra, LLP, Watts Guerra, LLC, Henson Fuerst, P.A., Law Office of Douglas Boxer, and Biltmore Law Group, PLLC,<br><br>    Defendants. | CASE NO. SA-23-CV-00910-OLG |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

### Introduction

Plaintiff Craig Cunningham ("Plaintiff") respectfully asks for a brief extension of the Court's previous discovery deadline of March 4, 2024, so that he may depose Bradley Johnson, as Plaintiff believes that this discovery will be crucial to his ability to respond to Defendants' pending Motion for Summary Judgment.

1

On January 17, 2024, Plaintiff's counsel served Mr. Johnson with a Rule 45 subpoena and a subpoena *duces tecum*, seeking documents and testimony relevant to this matter. Plaintiff provided Mr. Johnson with 25 days' notice to gather this information or alternatively confer with Plaintiff's counsel. Mr. Johnson did not respond to Plaintiff's subpoena until the afternoon of the day before the deadline to comply with the subpoena. Mr. Johnson indicated that he would be unwilling or unable to attend the noticed deposition. Plaintiff's counsel has exchanged many emails with Mr. Johnson over the course of several weeks, but Mr. Johnson has refused to provide responsive documents or alternative dates for a deposition. Plaintiff has since sought to compel Mr. Johnson to comply with the subpoena by filing a motion with the Eastern District of Louisiana, which Plaintiff's counsel will file either today or in the imminent future, upon approval by local counsel in the Eastern District of Louisiana.

Because Mr. Johnson has refused to timely comply with Plaintiff's subpoena, Plaintiff asks this Court for a brief extension to the discovery deadline of March 4, 2024, so that Plaintiff may depose Mr. Johnson, and conduct any further discovery necessitated by the information learned through such deposition. Specifically, Plaintiff seeks an extension of time to complete discovery and file his response to Defendants' pending motion for summary judgment, to the lesser of (1) 74 days—to May 17, 2024—to afford the parties an opportunity to fully brief Plaintiff's motion to compel in the Eastern District of Louisiana and obtain a ruling in that matter; or (2) 14 days after the deposition of Mr. Johnson, should the Eastern District of Louisiana compel his compliance.[1]

---

[1] If the Eastern District of Louisiana denies Plaintiff's forthcoming motion to compel subpoena compliance, Plaintiff will inform the Court within three days of that order.

**Statement of Facts**

On April 11, 2022, Plaintiff, as a *pro se* plaintiff, filed his complaint in this matter, alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On May 11, 2022, Defendants filed their answer to Plaintiff's complaint, asserting no affirmative defenses to the allegations levied against them. *See* ECF No. 6. On June 21, 2022, prior to the parties exchanging any meaningful discovery, Defendants filed their Motion for Summary Judgment (the "MSJ"), which included six affidavits of attorneys or employees from Watts Guerra, LLP. *See, e.g.*, ECF No. 11, 11-1 – 11-6). The MSJ asked this Court to grant Defendants' summary judgment based on the argument that Defendants did not violate 47 U.S.C. § 227(b)(1)(A) or 47 C.F.R. § 64.1200(d). *Id*.

On August 3, 2022, Plaintiff, still as a *pro se* plaintiff, filed his response in opposition to the MSJ, pointing to the self-serving nature of Defendants' "evidence" primarily coming from affidavits of attorneys or employees of Watts Guerra, LLP, and asking the Court under Federal Rule of Civil Procedure 56(d) to allow him the opportunity to conduct discovery into the affidavits presented by Defendants, as well as documentation that would corroborate Plaintiff's claims. ECF No. 15. On November 8, 2022, the Court held an in-person hearing in this matter, ordering Defendants to provide certain documentation and corresponding declarations/affidavits as to at-issue connections between Watts Guerra LLP and the advertising companies and vendors used by the firm in its Zantac mass tort litigation, as well as giving Plaintiff an opportunity to serve written discovery and subpoenas. *See* ECF No. 26.

Thereafter, Plaintiff retained undersigned counsel. Plaintiff filed his response to Defendants' Motion for Summary Judgment on November 13, 2023. *See* ECF No. 86. The same day, Plaintiff filed a separate motion pursuant to Federal Rule of Civil Procedure 56(d), for an

extension of time to respond to Defendants' Motion and to conduct discovery. *See* ECF No. 87. On January 3, 2024, the Court granted Plaintiff's Rule 56(d) motion and set a discovery deadline of March 4, 2024. *See* ECF No. 93.

Following the Court's January 3, 2024 order, Plaintiff finalized his settlement with Berken Media, LLC and Robert Kenyon (together, "Berken"), and in doing so, completed outstanding discovery with those entities. In doing so, Berken produced a declaration identifying Bradley Johnson as the sole party responsible for both (1) providing Berken with Watts Guerra's retainer, and (2) compensating Berken for generating Zantac-related leads for Watts Guerra. *See* Exhibit A. Before that declaration was finalized, but amidst conferral between counsel for Berken and counsel for Plaintiff regarding that declaration, on January 17, 2024, Plaintiff's counsel served Mr. Bradley Johnson with a Rule 45 subpoena and a subpoena *duces tecum*. *See* Kruzyk Decl. ¶ 5, attached as Exhibit B. The deadline to comply with the subpoena was set for February 12, 2024. *Id.* at ¶ 6. On February 5, 2024, Plaintiff's counsel rented a conference room and procured a court reporter for the February 12 deposition. *Id.* at ¶ 7. At 3:08 p.m. on February 11, 2024, however, Mr. Johnson emailed Plaintiff's counsel indicating that he would not be able to attend the deposition due to an illness. *Id.* at ¶ 8. Plaintiff's counsel subsequently cancelled the deposition. *Id.* at ¶ 9.

Over the course of the following weeks, Plaintiff's counsel exchanged numerous emails with Mr. Johnson in an attempt to find agreeable alternative dates for the deposition and reach an agreement to conduct the deposition remotely via videoconferencing software. *Id.* at ¶ 10. Mr. Johnson has continued to refuse to provide alternative dates for a deposition. *Id.* at ¶ 11. Thus, to date, no deposition of Mr. Johnson has occurred. *See id.* Instead, Plaintiff's counsel are now forced to file a motion to compel Mr. Johnson's compliance with the subpoena in the United States District Court for the Eastern District of Louisiana. *Id.* at ¶ 12.

4

## Legal Standard

"[D]istrict courts have 'broad discretion' to extend . . . deadlines." *In re Neurology and Neurophysiology Associates, P.A.*, 628 F. App'x 248, 251 (5th Cir. 2015) (quoting *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995)). The Court may extend a previously set deadline for good cause if the extension is requested before the deadline expires. Fed. R. Civ. P. 6(b)(1). "The permissive language of Rule 6(b) shows that any grant of an extension of time for when act must be done falls to the district court's discretion." *McCarty v. Thaler,* 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam). Further, the Court may allow additional time for discovery when a party has not had sufficient opportunity to discover facts essential to its opposition to a motion for summary judgment. *See* Fed. R. Civ. P. 56(d).

## Argument

**I.      Good cause exists to extend Plaintiff's discovery deadline.**

"If the court acts or the request is made prior to the expiration of the time limit at issue, the court 'may extend the period for any reason, upon a party's motion or even on its own initiative.'" *Willis v. Aron*, No. 23-cv-732, 2024 WL 778384, at *2 (E.D. Tex. Feb. 26, 2024) (quoting *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021)). "An application for an extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. Of Tex., PLLC v. Chapman,* No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020). Here, Plaintiff's motion is made on the same day as the discovery deadline, and therefore the Court may extend that deadline for any reason.

### A. Plaintiff has acted diligently to depose Mr. Johnson, and therefore has not acted in bad faith.

Simply put, Mr. Johnson's testimony (and related document production) is likely to be critical to the resolution of Plaintiff's individual case. Specifically, Defendants advance a wholesale denial of any connection between their operations and the calls placed to Plaintiff's cellular telephone number, and thus, whether Defendants may be held liable for the subject calls pursuant to common law agency principles is potentially dispositive of many of the remaining issues in the case. *See, e.g.*, ECF No. 89-1 (denying any relationship between Watts Guerra and Mr. Johnson). However, Berken, through its declaration, stated that Mr. Johnson provided Berken with Watts Guerra's retainer, instructions to find Zantac-related leads for Watts Guerra, and compensation for doing so. *See generally* Ex. A. Thus, Mr. Johnson's testimony will presumably clarify whether Watts Guerra could be held liable for the subject calls that were delivered to Plaintiff pursuant to common law agency theory.

Consistent with that goal, as discussed above, Mr. Johnson was served with the subpoena just two weeks after the Court granted Plaintiff additional discovery, and in the midst of conferral and discovery regarding his significance to this case with Berken—as the Court instructed. *See* Kruzyk Decl. ¶ 5. Plaintiff's counsel rented a conference room and procured a court reporter for the scheduled deposition. *Id.* at ¶ 7. Moreover, after Mr. Johnson — at the last minute — informed Plaintiff's counsel that he would not be attending the scheduled deposition, Plaintiff's counsel made numerous attempts to find an alternative date that was acceptable to Mr. Johnson and that would comply with this Court's discovery deadlines. *Id.* at ¶ 10, Exhibit C. Despite this, Mr. Johnson has refused to provide an alternative date, his deposition has not been taken, and he has not produced any documents. *See id.* at ¶ 11. When it became clear that Mr. Johnson would not willingly comply with the subpoena, Plaintiff's counsel promptly began preparing a motion to

compel his compliance. *See id.* at ¶ 12. Thus, Plaintiff has acted diligently to take Mr. Johnson's deposition. Despite that diligence, Mr. Johnson has refused to comply with the subpoena. Plaintiff has not acted in bad faith, and good cause exists to extend the discovery deadline.

**B.    Defendants will not be prejudiced by a brief extension of the deadline.**

Plaintiff seeks an extension of the discovery deadline primarily so that he may depose Mr. Johnson—a third party. Allowing Plaintiff to take that deposition will have no adverse effect on Defendants. No additional or unnecessary cost will be incurred by Defendants, as this discovery is solely directed to a third party.[2] Moreover, the Court may limit the extension as appropriate to avoid any anticipated prejudice to Defendants. *See Reed Migraine Centers of Texas*, 2020 WL 869888, at *3.

**C.    Plaintiff can also meet the heightened standard of excusable neglect.**

Although Plaintiff is not required to show excusable neglect because his motion is made prior to the expiration of the discovery deadline, he nonetheless could meet that heightened standard. "[E]xcusable neglect is an elastic concept." *McCarty*, 376 F. App'x at 444 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993)) (internal quotation marks omitted). Factors considered under the excusable neglect standard are: "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

---

[2]    Prior to filing the instant Motion, on February 22, 2024, Plaintiff's counsel asked Defendants' counsel—via email—if they would stipulate to an extension of the deadline. Defendants' counsel refused, but would not articulate a particular reason why they felt an extension was inappropriate. *See* Exhibit D.

Here, all four factors clearly weigh in Plaintiff's favor. As discussed above, an extension of the discovery deadline will not prejudice Defendants. Moreover, Plaintiff's application is made on the same day as the discovery deadline (i.e., before its expiration). Thus, there is no delay that will impact the proceeding. *See id.* at 474–75 (four-day delay did not impact the proceedings).

The delay in this case is caused entirely by Mr. Johnson's refusal to comply with the subpoena. Plaintiff has made numerous attempts to accommodate Mr. Johnson, in an effort to take his deposition prior to the discovery deadline. Thus, the delay was not within Plaintiff's control, and Plaintiff has acted in good faith. Therefore, all four factors weigh in favor of finding that the excusable neglect standard is met. Plaintiff's motion should be granted and the discovery deadline should be extended.

## Conclusion

Plaintiff has not had an adequate opportunity, despite his diligence, to depose Mr. Johnson: the party that compensated Berken for delivering the subject telephone calls to Plaintiff's cellular telephone number, and the party that provided Berken with Watts Guerra's retainer agreement with instructions to find Zantac-related leads for Watts Guerra. Plaintiff believes that Mr. Johnson's deposition will be essential to his ability to oppose Defendants' Motion for Summary Judgment. Because Plaintiff has acted diligently and in good faith, and because Defendants will not be prejudiced, the Court should grant Plaintiff's Motion.

Date: March 4, 2024
/s/ *Alex D. Kruzyk*
Alex D. Kruzyk
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

Todd M. Friedman* (admitted pro hac vice)
Adrian R. Bacon* (admitted pro hac vice)
**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com


*Counsel for Plaintiff*