# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Craig Cunningham,<br><br>  Plaintiff,<br><br>  v.<br><br>Watts Guerra, LLP, Mikal C. Watts, Watts Guerra, LLP; Francisco Guerra IV, Watts Guerra, LLP; Paige Boldt, Watts Guerra LLP; Berken Media, LLC, Robert Kenyon, Natural Person and Corporate Officer of Berken Media, LLC; and John/Jane Does 1-5,<br><br>  Defendants. | CONSOLIDATED CASE NO. SA-22-CV-00363-OLG |
| Craig Cunningham, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>Watts Guerra, LLP, Watts Guerra, LLC, Henson Fuerst, P.A., Law Office of Douglas Boxer, and Biltmore Law Group, PLLC,<br><br>  Defendants. | CASE NO. SA-23-CV-00910-OLG |

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
<u>AND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT</u>**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COME Watts Guerra LLP, Mikal C. Watts, Francisco Guerra, IV, and Paige Boldt (collectively referred to as "Defendants"), and files this Reply to Plaintiff's Supplemental Response (the "Supplemental Response") to Defendants' Motion for Summary Judgment and Supplemental Motion for Summary Judgment (collectively, the "Motion"). In support thereof, Defendants would respectfully show the Court as follows:

## I. INTRODUCTION

Defendants filed their Motion on June 6, 2022. *See* ECF Doc. 11. As such, Plaintiff has had nearly two years to come forward with evidence sufficient to create a genuine issue of material fact as to his claims for Defendants' alleged violations of the TCPA, its accompanying regulation, 47 C.F.R. 64.1200(d), and its state law equivalent, Texas Business & Commerce Code § 305.053. Despite the Court's exceeding patience in allowing him to conduct additional discovery, Plaintiff has failed to meet his summary judgment burden.

As Plaintiff again admits in the Supplemental Response, his theory of Defendants' liability hinges solely on whether Defendants are vicariously liable for TCPA violations pursuant to agency principles—more specifically, whether "the entities that called Plaintiff"—who remain unidentified—had actual or apparent authority to act on Defendants' behalf and/or whether Defendants ratified their conduct. After filing his last Response (ECF Doc. 86), the Court allowed Plaintiff additional time to secure the deposition of Bradley Johnson, whom Plaintiff believed was the smoking gun and/or missing link in proving Defendants' vicarious liability under the TCPA. Now, having deposed Mr. Johnson, Plaintiff contends he needs even more time to respond to Defendants' Motion in order to follow the "breadcrumbs" left by Defendants and conduct

additional discovery as to certain persons and entities Mr. Johnson identified, including Elite MG and Brent MacDonald. But as explained more fully below, no amount of additional discovery will unearth evidence sufficient to create a fact issue as to Defendants' vicarious liability under the TCPA.

In any event, Plaintiff's Supplemental Response fails to present any evidence that would create a fact issue as to any agency principles that might subject Defendants to liability under the TCPA. Indeed, the Supplemental Response only addresses Plaintiff's ratification theory, arguing that Mr. Johnson's testimony creates a fact issue as to whether Defendants accepted the benefits of the alleged TCPA violations. But, yet again, Plaintiff's ratification argument is both factually and legally erroneous. For all these reasons, the Court should grant Defendants' Motion and dismiss all of Plaintiff's individual claims.

## II. EVIDENCE ATTACHED TO REPLY[1]

Defendants attach true and correct copies of the following evidence to this reply, all of which either Plaintiff has previously submitted or has been previously filed with the Court:

Exhibit A    Deposition Transcript of Bradley Johnson[2]

Exhibit B    Previously Filed (*Ex Parte*) Declaration of Alicia D. O'Neill[3]

Exhibit C    Previously Filed (*Ex Parte*) Declaration of Principal Law Group, LLP

## III. ARGUMENT & AUTHORITIES

**A.    Plaintiff Ignores His Summary Judgment Burden of Proof**

---

[1] Defendants hereby incorporate their previous Reply (ECF Doc. 88) as if fully set forth herein.
[2] Plaintiff attached portions of Mr. Johnson's deposition transcript to his Supplemental Response. Pursuant to Federal Rule of Civil Procedure 106, Defendants hereby attached the entire transcript.
[3] Defendants hereby tender the redacted Affidavit of Alicia O'Neill, but do not waive their objections or right to privacy, or arguments that the information contained therein is confidential, contains trade secrets and other proprietary information which are protected from disclosure.

As explained in Defendants' prior Reply, "[t]he burden of proving an agency relationship falls on the person asserting its existence." *Marchese v. Secretary, U.S. Dept. of Interior*, 409 F. Supp.2d 763, 771 (E.D. La. 2006). Moreover, simply asserting the existence of an agency relationship in a TCPA case does not "automatically raise a genuine issue of material fact . . . sufficient to survive a motion for summary judgment under Rule 56(a)." *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, No. 15-cv-06314-YGR, 2018 WL 3707283, at *3 (N.D. Cal. Aug. 8, 2018). As the Supreme Court has explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Further, the nonmoving party "***must do more than show that there is some metaphysical doubt as to the material facts***." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). "Where the record taken as a whole could not lead a rational tier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.*

Although Plaintiff pays lip service to some of the basic Rule 56 standards, he largely ignores the most important one—his failure to come forward with any evidence to support an agency relationship between the unidentified third parties that allegedly called him and Defendants.[4] Indeed, as explained more fully below, Plaintiff does

---

[4] Plaintiff cites *Johnson v. Unique Vacations, Inc.*, for the proposition that, generally, the existence of an agency relationship is a fact issue for the jury to decide. 498 Fed. App'x 892, 894 n.3 (11th Cir. 2012). But as the

4

nothing more than argue there is "some metaphysical doubt as to the material facts," requiring yet more discovery. *See id*. The Court should reject Plaintiff's argument.

**B.    The Court Should Not Permit Plaintiff Additional Discovery; Mr. Johnson's Testimony Does Not Give Rise to Any Additional Evidence that Would Support Plaintiff's Agency Theory of Liability**

Plaintiff spends the vast majority of his Supplemental Response arguing that the Court, yet again, give him more time to discover some evidence to support his vicarious liability claims under the TCPA. Defendants will not belabor this action's procedural history, of which the Court is well aware, other than to again point out that Plaintiff has had nearly two full years to come forward with evidence of his TCPA claims against Defendants. *See* ECF Doc. 11. During that time, Plaintiff has filed three different responses to Defendants' Motion, none of which contain any evidence sufficient to meet his summary judgment burden. *See* ECF Docs. 15, 86, 108. Enough is enough.

In any event, Plaintiff put all his eggs in the basket of Mr. Johnson's deposition, hoping that his testimony would create a fact issue as to a purported agency relationship between Defendants and the third parties that allegedly made the TCPA offending calls. That did not happen. Plaintiff spends most of his Supplemental Response summarizing portions of Mr. Johnson's testimony that are irrelevant to the issue of Defendants' purported vicarious liability under the TCPA. But more telling is Plaintiffs' failure to highlight the portions of Mr. Johnson's testimony unequivocally refuting any facts upon which an agency relationship could be found between him and Defendants. That

---

court in *Johnson* found, that general proposition does not apply when, as here, the party asserting an agency theory presents no evidence of such a relationship. *Id.* at 896. Indeed, district courts in the Fifth Circuit routinely grant motions for summary judgment on the issue of agency when a nonmoving party has failed to come forward with any evidence of actual authority, apparent authority, and/or ratification. *See, e.g. Schrum v. Land*, 12 F. Supp.2d 576, 588 (S.D. Tex. 1997) (granting summary judgment because the plaintiff "failed to raise genuine questions of material fact regarding the issues of actual authority, apparent authority, and ratification."); *Belliiveau v. Barco, Inc.*, No. AU-17-CA-00379-SS, 2019 WL 25494435, at *7 (W.D. Tex. June 6, 2019) (holding that plaintiff's evidence failed to create a fact issue as to an agency relationship).

testimony included the following:

- That he has never received any payments from Defendants. Ex. A at 17:23-18:15;

- That there are no written communications between him and Defendants concerning identifying consumers who may have legal claims related to Zantac. *Id.* at 21:7-20;

- That he has never referred a Zantac case or potential client to Defendants. *Id.* at 31:11-23;

- That Defendants have never retained him for any case, Zantac or otherwise. *Id.* at 88:5-10;

- That Defendants did not direct his actions, ask him to take any action, or assign him any tasks in the Zantac case. *Id.* at 88:22-89:1;

- That Defendants did not direct his actions or otherwise communicate with him in relation to the Zantac case. Ex. A at 89:2-9;

- That he never told Defendants he was in possession of a retainer agreement purporting to be that of Watts Guerra. *Id.* at 89:19-22;

- That he never sent any signed retainer agreements to Defendants. *Id.* at 89:23-90:4;

- That he had no contact with Defendants and did not have any knowledge of whether Watts Guerra even knew he possessed and was using their contract; *Id.* at 90:3-12; and

- He has no personal knowledge of any relationship between Watts Guerra and other vendors, and only assumed that Watts Guerra had provided the retainer agreement in question. *Id.* at 61:16-62:8; 89:23-90:12.

In summary, Mr. Johnson's testimony does nothing to create a fact issue as to any potential agency theory of liability Plaintiff has asserted against Defendants. To the contrary, Mr. Johnson's testimony refutes any such basis.

Nevertheless, Plaintiff focuses specifically on Mr. Johnson's testimony regarding an entity he referred to as "Elite MG" from which he claims he obtained the retainer agreement bearing the name of Watts Guerra. Mr. Johnson also identified an individual named Brent MacDonald who he thought worked for Elite MG. Based on that

information, counsel for Plaintiff found information on the internet connecting Elite MG and Brent MacDonald with an entity known as Principal Law Group, LLP ("Principal Law Group")—a marketing company for mass torts. As set forth in his Supplemental Response, Plaintiff now believes Principal Law Groups is the smoking gun and/or missing link, and that further discovery as to its relationship with Defendants will finally provide the necessary evidence to defeat Defendants' Motion. Unfortunately for Plaintiff, there is no pot of gold at the end of that rainbow.

As the Court will recall, on November 9, 2022, it ordered Defendants to provide "*ex parte* and *in camera*, a list of all advertising companies and vendors used by [Watts Guerra] in its Zantac mass tort litigation from January 1, 2021 to present, along with a declaration or affidavit indicating whether the records of these companies or vendors show any contact with Plaintiff on behalf of Watts Guerra at the physical address, email address, or telephone number indicated in the attachments to Plaintiff's complaint." ECF Doc. 26. Defendants complied with the Court's order on November 30, 2022 (ECF Doc. 27), including an affidavit from Alicia D. O'Neill that identified five of Watts Guerra's Zantac vendors, one of which was Principal Law Group. ECF Doc, 27-6 at ¶ 3. Also included in the filing (which the Court inspected in camera) was a Declaration from Brent MacDonald on behalf of Principal Law Group. ECF Doc. 27-3.

Under penalty of perjury, Mr. MacDonald, as the CEO of Principal Law Group, testified that "Principal Law Group, LLP **has no record of any customer or lead** with the following information:

    a. Craig Cunningham

    b. 3000 Custer Road, Ste. 170-206, Plano, TX 75075

    c. 650 East Stonewall Street, Charlotte, NC 28202

    d. Phone numbers: 615-348-1977 or 704-444-3333

e. Email: craig.cunningham1980@gmail.com or newcountryllc@gmail.com"

ECF Doc. 27-3 at ¶ 2 (emphasis added). Thus, even if the Court allowed Plaintiff to conduct more discovery, it would only confirm what the Court already knows—that Principal Law Group did not make the purported TCPA offending to calls to Plaintiff on behalf of Defendants. As such, there would remain no evidence to support Plaintiff's agency theories of TCPA liability against Defendants. Accordingly, the Court should entertain any further delay and grant Defendants' Motion.

**C.    Plaintiff Has No Evidence that Defendants Ratified the Conduct of the Alleged Agents Here**

Plaintiff spends little more than a page of his Supplemental Response on the actual merits of his agency theories. More specifically, Plaintiff contends that his "ratification-based arguments with respect to agency are strengthened by his [supposed] new discoveries." Of course, whether Plaintiff's "arguments are strengthened" has nothing do with his summary judgment burden of proof under Rule 56. Just as before Mr. Johnson's deposition, there still is no evidence to support the claim that Defendants ratified any alleged conduct of the third-party callers.

It is black letter law that a purported principle "is not bound by ratification made without knowledge of material facts involved in the original act." *Heller v. Marriott Vacations Worldwide Corp.*, No. EP-22-CV-00398, 2023 WL 6702696, at *7 (W.D. Tex. Oct. 11, 2023) (quoting RESTATEMENT (THIRD) OF AGENCY § 4.06). Thus, in a TCPA case, "for the Defendant to be held vicariously liable under an agency theory of ratification, ***it must have been aware of any unlawful calls*** made by [the purported agent} and did not object or repudiate any benefits to it." *Id.* (emphasis added). The burden of establishing that a ratification was made with knowledge is on the party attempting to establish ratification occurred." RESTATEMENT (THIRD) OF AGENCY § 4.06 cmt. b.

8

There is no evidence whatsoever that Defendants knew that alleged unlawful call had been placed on their behalf and/or accepted any benefits from the alleged calls. Plaintiff contends that "Mr. Johnson testified that he would only be paid if a lead was actually accepted by Watts Guerra," and, therefore, "it [is] undeniable that Watts Guerra must have accepted leads that were generated by Mr. Johnson." Supplemental Response at 9. To begin, this is a blatant misrepresentation of Mr. Johnson's testimony. He never testified that *Watts Guerra* accepted any leads he submitted, but only that we would be paid for those accepted. Ex. A at 47:20-23. Indeed, as previously explained, Mr. Johnson testified that he has never referred a Zantac case or potential client to Watts Guerra, and that Defendants have never retained him for any case, Zantac or otherwise. *Id.* at 31:11-23; 88:5-10.

Thus, it is nothing more than Plaintiff's conjecture and assumption (and not facts) that Defendants accepted any benefits from the alleged calls, much less that Defendants were aware of the unlawful calls. *See Heller*, 2023 WL 6702696, at *7.[5] Plaintiff's argument breaks down even further because Mr. Johnson never testified that he made the alleged TCPA violating calls, and, over two years since filing his complaint, Plaintiff has failed to come forward with any evidence as to who did.

Finally, Plaintiff argues in a footnote that the agency arguments "should be examined with appropriate context" given a lawsuit that involved Watts Guerra related to the BP oil spill litigation over a decade ago. Supplemental Response at 10, n.3. Yet again, Plaintiff veers far outside the boundaries of his Rule 56 burden of proof. Claims against Watts Guerra from events that happened over twelve years ago have absolutely

---

[5] Plaintiff cites the same two cases he cited in its previous Response to support its erroneous ratification argument. *Compare* Supplemental Response at 9, 10 n.3 *with* ECF Doc. 86 at 10-11. Defendants previously explained why those cases were inapplicable, *see* ECF Doc 88 at 9, n.2, and they remain so now.

nothing to do with this case, and certainly do not constitute competent summary judgment evidence that would support Plaintiff's agency theories here.[6] At bottom, Plaintiff knows full well he has no evidence to support his agency theories, and in his desperation to avoid judgment as a matter of law, is willing to throw any nonsense against the wall in hopes that it will stick. The Court should reject such an attempt and grant Defendants' Motion.

## CONCLUSION AND PRAYER

Defendants pray that the Court grant their Motion and dismiss all of Plaintiff's individual claims with prejudice. Defendants pray for such other and further relief to which they are entitled both at law and in equity.

Respectfully submitted,

WATTS GUERRA LLP
4 Dominion Dr.
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447.0500
Facsimile: (210) 447.0501

/s/ *Alicia D. O'Neill*
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
Email: fguerra@wattsguerra.com
ALICIA O'NEILL
State Bar No. 24040801
Email: aoneill@wattsguerra.com
PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

---

[6] In any event, the language Plaintiff quotes from *Nguyen v. Watts* was the Texas appellate court's summary of the criminal trial against Mikal Watts in which he was ACQUITTED of barratry and related charges. Further, the eventual jury trial in that civil case resulted in a verdict in favor of Watts. The only "appropriate context" here being that Defendants have previously been the subject of this kind of unwarranted litigation. 605 S.W.3d 761, 769 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

ATTORNEYS FOR DEFENDANTS,
WATTS GUERRA LLP, MIKAL C.
WATTS, FRANCISCO GUERRA, IV.,
and PAIGE BOLDT

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that she has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Case Management/Electronic Case Files System of the Western District of Texas on the 20th day of May 2024.

/s/ *Alicia D. O'Neill*
Alicia D. O'Neill

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

| | |
|---|---|
| Bryan A. Giribaldo | *Via CM/ECF* |
| Alex Kruzyk | |
| PARDELL, KRUZYK & GIRIBALDO, PLLP | |
| 501 Congress Avenue, Suite 150 | |
| Austin, Texas 78701 | |

*and*

| | |
|---|---|
| Todd M. Friedman | *Via CM/ECF* |
| Adrian R. Bacon | |
| THE LAW OFFICES OF TODD M. FRIEDMAN, P.C. | |
| 21031 Ventura Blvd., Suite 340 | |
| Woodland Hills, California 91364 | |

**Counsel for Plaintiff and the proposed classes**

/s/ *Alicia D. O'Neill*
Alicia D. O'Neill